## WHITEHURST v. WARD.

1. That the plaintiff was guilty of the offence charged, or that the defend-ant had probable cause for the prosecution, is a full answer to an action for a malicious prosecution.

Writ of Error to the Circuit Court of Henry,

ATION on the case, by Ward against Whitehurst, for a malicious prosecution, in charging the plaintiff with the crime of larceny by suing out a warrant without reasonable or probable cause. The defendant pleaded—1. Not guilty. 2. If Any warrant was sued out, it was from probable cause.

At the trial, the defendant introduced evidence tending to prove—1. Justification. 2. Probable cause. And thereon moved the court to charge the jury—

1. That if they believed the plaintiff was guilty of larceny, as charged in the warrant, they should find for the defendant.

2. That if they believed the prosecution was instituted upon probable cause, and without malice, they should find for the defendant.

3. That when the bill of indictment is refused by the grand jury, the determination of the prosecution must be shown by the indictment, and the return " not a true bill."

4. That *under the pleadings*, if the jury believed there was probable cause for the defendant to commence the prosecution, they must find in his favor.

These charges were all refused, and the jury instructed in reference to the first, second and fourth, that justification and probable cause, under the pleadings, would only go in mitigation of damages.

The defendant excepted, and here assigns the several rulings as error.

Cowart v. Harrod & Flournoy.

JACKSON, for the plaintiff in error, cited Hazard v. Purdom, 3 Porter, 43.

No counsel appeared for the defendant.

GOLDTHWAITE, J.—The error in this case is clear. The want of probable cause is the essential ingredient in a malicious prosecution, and if the fact is in accordance with the charge, or if the prosecutor had probable cause to believe it to be so, this is a sufficient answer to the action. To this effect are all the text books and decided cases. [3 Steph. Ni. Pri. 2278, and cases there cited.]

Judgment reversed and cause remanded.