The State of Iowa v. Quick and Mullen.

---

### THE STATE OF IOWA V. QUICK AND MULLEN.

1. LARCENY : TITLE TO PERSONAL PROPERTY. The mortgagors of personal property who, by the stipulations of the mortgage, are entitled to the possession, have an interest therein which may be the subject of larceny.

2. MORTGAGE BY ONE MEMBER OF A FIRM. A chattel mortgage by one member of a firm, of his interest in the copartnership property, does not necessarily operate as a dissolution of the copartnership.

3. PRESUMPTIONS. The presumptions in the appellate court are in favor of the ruling below.

*Appeal from Des Moines District Court.*

SATURDAY, JUNE 9.

THE defendants were indicted for the crime of burglary. Separate trials were granted, and the defendant Quick found guilty and sentenced to two years imprisonment in the penitentiary. The defendant excepted to the giving and refusing of certain instructions to the jury, and appealed to this court.

*Browning* and *Darwin* for the appellant.

*S. A. Rice,* Attorney General, for the State.

BALDWIN, J.—The indictment charged the defendant with having burglariously broken into the pork and packing house of Samuel Favorite & Co., a firm composed of Samuel Favor-

ite, John Start and Francis McFaul, partners trading under the name of Samuel Favorite & Co.

It was claimed by defendant upon the trial that said firm previous to the date of the alleged burglary, by chattel mortgage had conveyed all the property of said firm to S. E. Start, for Coolbaugh & Brooks. That Francis McFaul had also, previous to the date of said burglary, conveyed his interest in said firm to C. B. Darwin, for the use of James Mooney; and that the said firm were not owners of the property as is alleged in the indictment; and that the court erred in refusing to instruct the jury that the instrument made by McFaul to Darwin, and by Favorite & Co., to Coolbaugh & Brooks, each operated as a dissolution of the copartnership. Neither of the instruments of writing are made part of the record of this case, nor is any of the evidence introduced upon the trial in the District Court before this court. It may appear that by the conditions of the mortgages referred to, the firm of Favorite & Co. were left in possession of the realty and personalty thus mortgaged, with a right to sell and dispose of the same, and hold themselves liable to the grantees for the proceeds thereof. If so they had a sufficient interest in the personal property thus mortgaged to be the subject of larceny. We do not consider the execution of a chattel mortgage, by one member of a firm upon his interest in the firm property, an absolute sale; and that a dissolution of the firm follows as a legal sequence.

The remaining instructions given by the court and objected to by defendant, which are alleged to have been erroneous, are based upon the evidence; and whether applicable or otherwise does not appear to this court. The presumptions are that the court below ruled correctly until the contrary appears.

Judgment affirmed.