57    651
139   572

BRULEY v. ROSE ET AL.

1. **Pledge**: LARCENY OF THE THING PLEDGED BY THE PLEDGOR. Property was pledged as security for a debt. Afterward the pledgor obtained possession thereof for a special purpose, with the consent of the pledgee, and thereupon took the property out of the county, and there was evidence tending to show that the pledgor obtained possession of the thing pledged with the felonious design of depriving the pledgee of his security. *Held:*

1. That the pledgee had a special property in the thing pledged.

2. That if the pledgor obtained possession of the thing pledged by deception and false pretense, the pledgee could not be deemed to have released his lien or special property therein.

3. That where the taking was with the felonious design to deprive the pledgee of his security, the pledgor would be guilty of larceny of the thing pledged.

2. **Malicious Prosecution**: GUILT MAY BE SHOWN. In an action for malicious prosecution the defendant may show the guilt of the plaintiff, under the general issue, especially when the guilt consisted of facts known to the prosecutor at the time; and where there was evidence from which the jury might have believed the plaintiff was guilty, though discharged by the examining magistrate, an instruction that the plaintiff was not guilty of the crime charged was erroneous.

*Appeal from Hardin Circuit Court.*

WEDNESDAY, MARCH 22.

ACTION for malicious prosecution. There was a trial by jury, and verdict and judgment were rendered for the plaintiff against the defendant Rose. He appeals.

*Huff & Gilman,* for appellant.

*Allen & Bryson,* for appellee.

ADAMS, J.—The defendant Rose filed an information before a justice of the peace of Hardin county, accusing the plaintiff Bruley of the crime of larceny. A warrant was issued and served by the defendant Waid, as special constable. A hearing having been had, Bruley was discharged. He brings this

action for damages, averring that the defendants, knowing him to be innocent, maliciously caused his arrest and prosecution.

The information filed by Rose charged Bruley with the larceny of a span of horses. Rose was, at one time, the owner of the horses, and made a sale of them to Bruley under an agreemant that they should be paid for in work, and in case they should not be paid for, Rose should have the right to take possession of them. The evidence tends to show that the work, which was to be done by Bruley in payment for the horses, was done by him substantially in accordance with the agreement. Bruley, however, upon a general settlement with Rose, was found to be in debt to him in the sum of $45.60. To secure the payment of that sum, Rose claims that Bruley delivered the horses to him as a pledge, and afterward gained possession of them under false pretenses and with the felonious design of depriving him of his security. All this Bruley denies.

<span style="margin-left:2em">1. PLEDGE: larceny of, by pledgor.</span>

It is undisputed that he took the horses from Rose's farm in Hardin county, and removed them to Butler county, where he was using them at the time he was arrested. The evidence is quite strong that at the time of the settlement Bruley delivered the horses to Rose as security; and we think that there was at least slight, evidence tending to show that Bruley, if he had obtained the consent of Rose to his taking the horses at the time he took them, obtained such consent under a pretense of desiring to use them for a short time for a specific purpose, but without the design of using them for such purpose, or of returning them, but of depriving Rose of his security. Bruley, it appears, was at the time living with his family on Rose's farm. After the settlement, according to the testimony of two witnesses, he represented that he desired to use the horses to go to one Hayden's early the next morning, a distance of about eight miles, in a westerly direction, and Rose consented that he might take the horses for that purpose, and no other. The same night Bruley took the horses and started easterly, with his

family and household goods. According to his own testimony he started in the night and traveled about nine miles and camped out, and reached New Hartford, Butler county, the next day. It appears certain that he did not go to Hayden's, and did not take the horses for that purpose, but for the purpose of proceeding in the opposite direction. The court gave an instruction, a portion of which is in these words:

"The plaintiff was arrested upon a charge of larceny. He was not guilty of the crime charged, but it was not essential that he should have been guilty to exculpate the defendants of the responsibility of the prosecution."

The defendants excepted to so much of the instruction as states that Bruley was not guilty of the crime charged.

The action of the justice of the peace in discharging Bruley is not conclusive evidence of Bruley's innocence; and if he was guilty he is not entitled to recover in this action. *Parkhurst v. Masteller, ante,* p. 474. If there was any evidence tending to show that Bruley was guilty of larceny, then it was error to instruct the jury that he was not guilty.

The plaintiff contends that a pledgor cannot be guilty of larceny of the thing pledged, and especially after he has obtained possession of the thing by the pledgee's consent.

Larceny consists in stealing, taking, and carrying away the property of another. Code, § 3902. It is said by the plaintiff that the title to a pledge remains in the pledgor, and that the interest of the pledgee in the thing pledged is not property.

There is, however, what is known as a special property, distinguishable from the general ownership. The doctrine is elementary that a bailee has a special property in the thing which is the subject of the bailment. *Belden v. Perkins,* 78 Ill., 449; *Woodman v. Nottingham,* 49 N. H., 347. A pledge is a species of bailment, and the rule as to a special property in the thing which is the subject of the bailment, in such case, is especially applicable thereto. *Lyle v. Barker,* 5 Binney, 457; *Hoys v. Riddell,* 1 Sandf., 248.

We come next to inquire whether there was a subsisting pledge, at the time of the acts which are alleged to constitute the larceny. The plaintiff insists that there was not, because according to Rose's testimony he had consented that the plaintiff might take the horses. It is said that whenever a pledgee voluntarily releases the possession of the pledge his lien is lost.

It may be conceded that as a general rule possession is an essential element of a pledge. Schouler on Personal Property, 513. It was held, indeed, in *Bodenhammer v. Newson*, 5 Jones (N. C.), 107, that a pawnee by giving up the thing pawned, though for a special purpose, loses his lien as between himself and the pawnor. See, however, as holding a different doctrine, *Hutton v. Arnett*, 51 Ill., 198; *Haynes v. Reddell*, 1 Sandf., 248. What the rule is in the absence of any deception or false pretenses we need not determine. Rose consented only that Bruley should take the horses for the purpose of going to Hayden's, and the evidence was such that the jury would have been justified in finding that Bruley had no intention of using the horses for that purpose. Besides, the actual taking was in the night prior to the morning upon which he was to have the horses to go to Hayden's. In no sense could Rose be deemed to have released his lien *at that time*.

Having determined that, if the horses were pledged to Rose, as there was evidence tending to show, he had acquired a special property in them, and had not released his lien at the time they were taken, it only remains to be determined whether if the taking was with the felonious design of depriving Rose of his security Bruley was guilty of larceny. Our attention has been called to no case where it has been directly held that larceny of a thing pledged can be committed by the pledgor. But where a person has a special property in a thing which has been stolen, the property, in indictment for larceny, may be laid in the special or general owner. *State v. Quick*, 10 Iowa, 451; *State v. Somerville*, 21 Maine, 586; 3 Green-

leaf on Ev., Sec. 161; Wharton's Criminal Law, 659. The property may be laid in a bailee, even where he has parted with possession, if he did so by mistake. *Regina v. Vincent & West*, 9 Eng. L. & Eq., 548.

In *People v. Stone*, 16 Cal., 369, it was held that a bailor may be guilty of stealing his own property, if his intent was to charge the bailee with the property. See, also, *Palmer's Case*, 10 Wend., 165. We are satisfied that a pledgor may be guilty of stealing the thing pledged, and that there was evidence tending to show that Bruley committed such crime.

It is contended, however, that even if this is so Rose was in no condition to show such fact, because there is no averment 2. MALICIOUS of such fact in his answer. In an action for maprosecution: licious prosecution the right on the part of the guilt may be shown. defendant to show the guilt of the plaintiff seems generally to have been recognized as existing under the general issue. Whether it could properly be so held, if the guilt consisted of facts, *not known* to the prosecutor at the time the prosecution was commenced, we are not called upon to determine. Bruley's acts were for the most part known to Rose. Having held that there was evidence tending to show that his acts were such that the jury might have believed that he was guilty of larceny, we have to say that it appears to us that if the jury did believe it, they might have found that there was enough known to Rose to justify him in believing it.

In our opinion the court erred in instructing the jury that Bruley was not guilty of larceny.

REVERSED.