COLEMAN v. REED BROS. & CO.

*Malicious prosecution—Evidence of plaintiff's guilt admissible, notwithstanding acquittal.*

In an action to recover damages for malicious prosecution it is competent to prove that the plaintiff was in fact guilty of the crime with which he was charged, notwithstanding his acquittal.

(Decided May 18, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Minges & Jones,* for plaintiff in error.
*Mr. Amos P. Foster,* for defendants in error.

CHITTENDEN, J. This is an action brought in the Superior Court of Cincinnati by John H. Coleman, as plaintiff, against the defendant to recover damages for alleged malicious prosecution of plaintiff. The plaintiff alleges in his petition that on or about the 13th day of October, 1919, an authorized agent of the defendant, falsely and maliciously, and without reasonable or probable cause, filed an affidavit with the clerk of the municipal court of the city of Cincinnati, charging the plaintiff with having committed the crime of larceny, and caused a warrant to issue thereon, by virtue of which the plaintiff was arrested and confined in jail until his release was secured by giving bond for his appearance; that thereafter the defendant caused the plaintiff to be indicted by a grand jury in Hamilton county, on the charge of grand larceny and receiving stolen goods; and that on the 16th day of May, 1921, the prosecuting at-

torney of the county caused a *nolle prosequi* to
be entered on record in said cause, whereupon
prosecution on the charge was then wholly ter-
minated. The plaintiff claims to have been dam-
aged by reason of such malicious prosecution in
the sum of $5,000, for which he prays judgment,
and also asks judgment in the sum of $5,000 as
punitive damages.

The answer of the defendant, Reed Brothers &
Company, admits that the plaintiff was charged
in the municipal court of Cincinnati with having
committed the crime of petit larceny, that he gave
bail, that later he was indicted by the grand jury
on the charge of grand larceny and receiving
stolen goods, and that still later this charge was
nollied. Defendant then denies each and every
other allegation in the petition. The answer, for
further defense, pleads that the prosecution was
founded on reasonable cause, that defendant did
at all times actually believe and had reasonable
cause to believe that the plaintiff was guilty as
charged, and, further, that defendant acted upon
the advice of its attorney. The plaintiff filed a
reply traversing all allegations of the answer that
did not consist of admissions of allegations con-
tained in the petition. Upon the trial of the case
the jury returned a verdict in favor of the defend-
ant, upon which judgment was duly entered.

A reversal of this judgment is sought by the
plaintiff in error upon several assignments of er-
ror. It is contended that the court erred in the
admission of evidence. Perhaps the principal
complaint in this respect is that the trial court
admitted evidence tending to prove the guilt of the
plaintiff of the offense of larceny theretofore

charged against him, and of which offense he had
been acquitted. Plaintiff in error contends that
evidence was admitted as though the plaintiff were
on trial under an indictment. The argument is
brought forward that the guilt or innocence of the
plaintiff is in no wise involved in this controversy,
and that the question to be submitted to the jury
was whether the affidavit charging the offense was
based on such information as would justify a rea-
sonable and prudent man in believing the plaintiff
to be guilty. The evidence disclosed that one Anna
Johnson confessed to the commission of the crime
of larceny of the property of the defendant, and
that the confession was made in the presence of
the officer of the defendant company who made
the affidavit and in the presence of several other
witnesses; that in her detailed confession she im-
plicated the plaintiff as a confederate and told all
the circumstances connected with the larceny. The
evidence, to the admission of which complaint is
made, tended to disclose the same facts that had
been theretofore related by her. We think that
in view of the state of the whole record it cannot
be said that this evidence, in the manner in which
it was introduced, was prejudicial to the plaintiff
in error. We think the trial court was right in
ruling that the petition charged that the accusa-
tion against the plaintiff was false and that the
answer denying such allegation made an issue as
to that fact. In 8 Encyclopedia of Evidence, 416,
in the chapter relating to the competency and rel-
evancy of evidence, under pleadings in malicious
prosecution cases, it is stated: ''The guilt of
plaintiff may be established under the general is-
sue.'' The law was so determined by the Supreme

Court of Iowa in *Parkhurst* v. *Masteller*, 57 Iowa, 474. In the course of the opinion in that case the court says:

"According to the weight of authority the rule appears to us to be, that if the defendant can satisfy the jury that the plaintiff, notwithstanding his acquittal, was in fact guilty of the crime with which he was charged, no recovery can be had. *Bacon* v. *Town*, 4 Cush., 239; *Adams* v. *Lisher*, 3 Blackf., 241; *Whitehurst* v. *Ward*, 12 Ala., 264; *Bell* v. *Pearcy*, 5 Ired., 82; *Johnson* v. *Chambers*, 10 Ired., 287."

To the same effect is *Bruley* v. *Rose*, 57 Iowa, 651.

It is clear that there may be probable cause in a case in which the defendant was not guilty of the offense charged and of which he was acquitted. But, if it can be shown that the plaintiff in an action for malicious prosecution was in fact guilty of the offense charged, although he was acquitted in the criminal case, it certainly cannot be claimed by the plaintiff that there was not probable cause for the prosecution. How can it be said that a person can recover damages by reason of his arrest having been caused upon a charge of which he is in fact guilty? The rule announced in the Encyclopedia of Evidence seems to rest upon a sound basis. It is a fundamental and elementary rule of law that a judgment in a lawsuit only binds the parties and privies to that suit. The defendant in this action was not a party to the criminal case. The conduct of the prosecution was not under its control, but was solely under the direction of the officers of the state. The defendant therefore cannot be foreclosed by the judgment entered

in the criminal case from showing or attempting to show the actual facts. We find no prejudicial error in the action of the court in the admission or rejection of evidence.

In all that has been said with reference to the admission of evidence which tended to show the guilt of the plaintiff we do not wish to be understood as indicating that this court has reached the conclusion that the evidence shows the plaintiff to be in fact guilty. The evidence discloses that Mr. Coleman had been for more than twenty-five years a trusted employe of the Methodist Book Concern and that his reputation at the time of his arrest was that of an honorable, law-abiding citizen. All we have undertaken to do is to show that one who in good faith, without malice, and upon probable cause, causes the arrest of another, can not be made to respond in damages although the criminal prosecution fails; and that in an action to recover damages based on the allegation that the arrest was caused upon a false and malicious charge made without probable cause, all evidence tending to disprove the allegations of the petition is competent.

We are unable to find that the judgment is manifestly contrary to the evidence. An examination of the entire record shows that the case was fairly and impartially tried and that no error prejudicial to the plaintiff in error obtained.

*Judgment affirmed.*

KINKADE and RICHARDS, JJ., concur.

Judges of the Sixth Appellate District, sitting in place of Judges CUSHING, BUCHWALTER and HAMILTON, of the First Appellate District.