## Illinois Central Railroad Company, et al. v. Anderson.

(Decided January 16, 1925.)

### Appeal from McCracken Circuit Court.

1.  Malicious Prosecution—Evidence of Plaintiff's Guilt Held Admissible.—In action for malicious prosecution, evidence offered by defendants to prove plaintiff guilty of the crime for which he was prosecuted, held admissible notwithstanding acquittal.
2.  Malicious Prosecution—Guilt May be Shown Under Plea of General Issue.—Guilt of Plaintiff as a defense may be shown in action for malicious prosecution under a plea of the general issue.
3.  Malicious Prosecution—Evidence Held to Warrant Direction for Defendants.—In action for malicious presecution, defended on the ground of probable cause, evidence held to warrant direction of verdict for defendants.
4.  Malicious Prosecution—Defendants were Not Required to State Facts to Attorneys who had Knowledge of Facts.—Defendants were not required to state facts to attorneys in order to base defense on advice given, where attorneys had, by previous information, acquired knowledge of the controversy and the prior acts and statements of plaintiff.
5.  Malicious Prosecution—Want of Probable Cause and Malice Essential.—To justify an action for malicious prosecution, both want of probable cause and malice must be shown.

6. Malicious Prosecution—Jury May Infer Malice from Want of Probable Cause.—Where there is want of probable cause, the jury may infer malice, unless all the facts disclosed lead to a different conclusion.

WHEELER & HUGHES, R. V. FLETCHER and TRABUE, DOOLAN, HELM & HELM for appellants.

GRASSHAM & ALEXANDER and REED & BURNS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

Appellee was awarded $6,500.00 against appellants for damages resulting from an alleged malicious prosecution. Readers of this opinion may find it interesting to read the opinion reported in 201 Ky. 408, 256 S. W. 1113.

Before daybreak, Monday, May 23, 1921, a passenger train operated by appellant *en route* from Louisville, Ky., to New Orleans, La., was wrecked about four miles northeast of Paducah. This wreck was the result of the removal of one of the rails, to do which, some miscreant, with the aid perhaps of others of his kind, had broken open the tool box in which the section hands kept their tools, and had taken some of these tools. With them they had removed the bolts that held the fish plates by which the rails were held together, and had drawn the spikes with which one of the rails was held to the ties, thus removing it. The only thing that kept this from being a serious wreck was the fact that the train was a little ahead of time and running slowly, perhaps not going more than eighteen miles per hour. The engine was derailed and thrown on its side, and the tender and two cars left the track, but no one was injured.

The appellants very properly began an investigation to discover who had caused this wreck. Before long, one Howard Penix was charged with the crime. He made a confession, admitting his guilt and implicating the appellee and one Knox Harper. It was some time before appellee could be located, but upon the 4th of the following November, he was arrested in St. Louis, Mo.

An examining trial was had in the Paducah police court on November 21, 1921, and appellee was discharged, he having produced evidence that at the time of the wreck he was in Springfield, Ill. After Anderson was discharged by the police court, the appellants made further

investigation, and discovered nine persons besides Penix who swore that they had seen Anderson in Paducah on Saturday, the 21st, and Sunday, the 22nd, before the wreck on Monday morning. Appellants gave this information to Messrs. Wheeler and Hughes, attorneys, and were by them advised to present the matter to the grand jury. Anderson was indicted by the grand jury on January 14, 1922. He was tried under that indictment on April 25, 1922, and was acquitted.

Thereupon he began this action for malicious prosecution, and asked for $31,250.00 for damages sustained as a result of his arrest and prosecution in the police court, and in a second paragraph he asked for $31,600.00 for damages resulting from his arrest and prosecution under the indictment. When this case was heard, the court sustained the motion of appellants for peremptory instruction as to the prosecution in the police court, but overruled their motion as to the second paragraph wherein damages were sought for Anderson's arrest and prosecution under the indictment.

In his petition Anderson had alleged that these prosecutions were at an end; that they were begun and were prosecuted maliciously, and without probable cause. This appellants denied.

On the trial of this case the appellants were allowed to prove that before presenting this matter to the grand jury they had gone to Messrs. Wheeler and Hughes, attorneys, and had put before them all the information they had obtained and that after considering this, these attorneys advised them to present the matter to the grand jury. They offered evidence tending to prove that notwithstanding Anderson's acquittal when tried under the indictment, he was in fact guilty. This evidence the court refused to permit them to introduce. In refusing to admit this evidence the court erred to the prejudice of the appellants, and on account of that error, this case must be reversed. It has frequently been held that the plaintiff in an action for malicious prosecution must, notwithstanding his acquittal in the original prosecution, always be regarded as tendering the issue of his innocence, and must fail in his action if that innocence can be disproved, whether the prosecutor acted from malicious motives or not, and whether or not he then knew of the facts establishing the plaintiff's guilt. Evidence tending to prove the actual guilt of the plaintiff is therefore

always admissible in favor of the defendant. This court so held in the case of Lancaster v. McKay, 103 Ky. 616, 45 S. W. 887.

Guilt of the plaintiff as a defense may be shown under a plea of the general issue. Bruley v. Rose, 57 Iowa 651, 11 N. W. 629.

If this case is retried and the proof is substantially the same as it was on this trial, the court will direct the jury to find for appellants. There was perhaps but one thing which kept the court from granting that motion this time, and that was that after Anderson was arrested he prepared a paper in which he set forth where he claimed to have been at the time of the wreck. This paper, it appears, was not shown to Wheeler and Hughes, and the attorneys for appellee argued very strenuously that as this paper was not shown to Wheeler and Hughes, all the facts were not communicated to these attorneys, hence the appellants were not protected by the advice which these attorneys gave them, and upon which they acted in presenting the matter to the grand jury. Before they advised the appellants to present this matter to the grand jury, appellee had an examining trial in the Paducah police court, at which trial Messrs. Wheeler and Hughes were present, and this question of his whereabouts was fully heard on that trial. These attorneys knew just as much about where he claimed he was from hearing him testify and from hearing his witnesses testify as they could possibly have learned from this paper.

The law does not make unnecessary or foolish exactions, and if appellants knew the attorneys by previous information, no matter how obtained, knew of the nature of the controversy and the prior acts and statements of Anderson, it was unnecessary to state the facts over again at the time this advice was given. See Shea v. Cloquet Lumber Co., 92 Minn. 348, 100 N. W. 111, 1 Ann. Cas. 930.

We see but little evidence of malice in this record, and unless that is expressly shown upon the next trial, the jury should be instructed to find for appellants. To justify an action for malicious prosecution, both want of probable cause and malice must be shown. Where there is want of probable cause, the jury may infer malice, but they cannot properly do so if all the facts disclosed lead to a different conclusion. If the law imputed malice from want of probable cause alone, then there would be no distinct requirement of malice, but want of probable cause

would be the sole element necessary. This doctrine is supported by numerous cases: Kable v. Carey, 135 Ark. 137, 204 S. W. 748, 12 A. L. R. 1227; Pierce v. Doolittle, 130 Iowa, 333, 106 N. W. 751, 6 L. R. A. (N. S.) 143; C. R. I. & P. Ry. Co. v. Holliday, 30 Okla. 680, 120 Pac. 927, 39 L. R. A. (N. S.) 205; Notes, Ross v. Hixon, 26 Am. St. Rep. 123.

If it were not necessary to reverse this judgment for other reasons, it would be necessary to do so on account of the size of the verdict.

Such actions as this are not favored, and the right to them must not be extended, otherwise we shall soon reach a point where citizens will allow crime to go unpunished, rather than risk the danger of a suit like this one, should the accused perchance be acquitted; then our laws would be unenforced.

The judgment is reversed, and the cause remanded for a new trial to be had in conformity to this opinion.