**CHICAGO GREAT WESTERN RAIL-WAY COMPANY, Appellant,**

v.

**B. D. ROBINSON, Appellee.**

**No. 15655.**

United States Court of Appeals
Eighth Circuit.

April 10, 1957.

Rehearing Denied May 17, 1957.

See also 144 F.Supp. 713.

Guy A. Magruder, Jr., Kansas City, Mo. (Frank H. Terrell and Terrell, Hess & Magruder, Kansas City, Mo., on the brief), for appellant.

Fred J. Freel and Robert L. Robertson, Kansas City, Mo., for appellee.

Before GARDNER, Chief Judge, WOODROUGH, Circuit Judge, and DONOVAN, District Judge.

DONOVAN, District Judge.

This action for damages for alleged malicious prosecution resulted in judgment for plaintiff in the trial court. For convenience the parties to this appeal will be referred to as plaintiff and defendant, as designated in the District Court.

Defendant is contending here that the prosecution of plaintiff was (a) neither commenced nor carried on by defendant and (b) if it were initiated by an officer, agent or employee of defendant, such conduct was outside the scope of duty and employment, and finally (c) that probable cause existed.

Preliminary to our consideration of the applicable law, a summary of the facts may be helpful. Plaintiff, during the period we are here concerned with, was employed as a switch foreman by defendant in its yards at Kansas City, Missouri. At 3:30 in the afternoon of May 19, 1954, he commenced work with an engine and a switch crew classifying and separating railroad cars and placing them on a lead track for distribution on tracks of defendant and connecting carriers for delivery and carriage to destination points. Plaintiff in the doing of this work decided to first "cut" eighteen to twenty such cars which had been coupled to the switch engine. At the end of said cut most remote from the engine was a gondola or coal car containing freight characterized as steel rods, nine to ten inches in depth, leaving about two and one-half feet between the top of the load and the top of the sides and ends of the car. The car was equipped with standard type grab irons and stirrups.

As plaintiff mounted the car by grab iron and stirrup he saw, according to his testimony, seven or eight of the steel bars extending two to four feet over and beyond one corner of the car. Being safety minded, he climbed onto the car, having decided to restore the misplaced freight to a more normal place in the load. In so doing he claims one such bar of steel, some twenty feet in length, slipped through his hands and fell to the ground.

Plaintiff's fellow switchmen testified that plaintiff threw the steel out of the car. Defendant's special agent, Minor, testified he witnessed what appeared to be a throwing of the bar from the car. Minor's duties as such agent were to protect property in possession of defendant and to investigate broken seals, pilferage and freight claims. Minor stored the steel bar in question and reported what he saw to his chief special agent in Des Moines, Iowa. The latter journeyed to Kansas City and together with Minor interviewed plaintiff and his fellow switchmen when they next came to work on May 20 at 10:15 p. m., following which Johnson and Minor called the police dispatcher of Kansas City, Missouri, asking that a police officer call. Officer Matheson responded and at one a. m. on May 21 he arrested and took plaintiff to police headquarters for booking and advised the clerk there that Minor was the complaining witness. Plaintiff was tried in the Municipal Court of Kansas City, Missouri, on the last named date on a charge of petit larceny. Minor and the two fellow switchmen of plaintiff testified for the prosecution. Minor denied he accused Robinson of committing a crime. Johnson thought petit larceny may have motivated Robinson to throw the steel bar from the car. Neither Johnson nor Minor signed written charges against Robinson. What transpired is described by the Municipal Judge in these words:

"The railroad, if they did anything, was to merely report the facts, that is all. It is up to the City whether they do or do not prosecute * * *."

Petit larceny was not proved. Concluding that the burden on the City had not been carried by the prosecution, the Municipal Court dismissed.

The action in the instant case followed. Plaintiff claimed damages for false imprisonment and malicious prosecution and elected to proceed to judgment

for malicious prosecution. Defendant moved for judgment on the ground that plaintiff failed to prove a claim of malicious prosecution. The learned trial court expressed doubt that plaintiff "made a case of malicious prosecution" and having taken the case under advisement, found in favor of plaintiff. Arrest and prosecution under the circumstances herein were vexatious and may have caused hardship and injustice to plaintiff. The writer of this opinion in the trial court's shoes would, perhaps, have found as the trial court did.

■■ The sole issue on this appeal, however, is whether plaintiff made out a case entitling him to judgment against defendant. Missouri law controls. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. The decisions of the Supreme Court of Missouri make it necessary that a plaintiff seeking damages for malicious prosecution must establish his case by strict and clear proof of the following essentials: (1) that defendant commenced the prosecution against plaintiff; (2) that defendant's conduct was the legal causation; (3) that the prosecution terminated in favor of plaintiff; (4) that there was an absence of probable cause; (5) that there was malice on the part of defendant; (6) that plaintiff was damaged thereby. Higgins v. Knickmeyer-Fleer Realty & Investment Co., 335 Mo. 1010, 74 S.W.2d 805; Harper v. St. Joseph Lead Co., 361 Mo. 129, 233 S.W. 2d 835; Kvasnicka v. Montgomery Ward & Co., 350 Mo. 360, 166 S.W.2d 503.

■ Proof of the presence or absence of one or more of said essentials is made unnecessary by reason of lack of authority in either Johnson or Minor to initiate prosecution of the instant case. The issue of the scope and authority of Minor and Johnson to instigate the prosecution complained of is decisive. Johnson and Minor were employed to guard defendant's property and freight entrusted to it as a common carrier for hire. To prosecute for the commission of crime was beyond the scope of their employment. The court cannot infer from the type of employment in which they were engaged the authority of a prosecuting officer, such as an attorney. The evidence of the instant case falls short of laying a foundation for such a conclusion. Nor can the court take judicial notice of such authority in Johnson or Minor. Harper v. St. Joseph Lead Co., supra.

We hold that plaintiff did not carry the burden required of him under Missouri law to make out a case of malicious prosecution.

The judgment is reversed with directions to dismiss the action.