Eugene B. McCORMICK, Plaintiff,

v.

UNITED STATES of America, Defendant and Third Party Plaintiff (George E. Newsom, Third Party Defendant).

Civ. No. 2915.

United States District Court
D. Minnesota,
Third Division.

March 19, 1958.

**DONOVAN, District Judge.**

Plaintiff sued defendant under the Federal Tort Claims Act.[1] Plaintiff, 25 years of age at trial, on August 10, 1955, was in the employ of George E. Newsom as a painter. Newsom had contracted prior thereto with defendant to paint the barracks of defendant at its Radar Station in Chandler, Minnesota. Plaintiff and a fellow workman by name of Allen E. Moline, were directed by Newsom to paint one of several barracks, known as Building No. 201. Plaintiff knew there were uninsulated wires adjacent to said Building 201, but had no knowledge of an additional transmission line which was beyond his vision as he worked on said date. Plaintiff's co-employe Moline was painting with a roller. Plaintiff was using a brush. In order to paint parts the roller could not reach, plaintiff and Moline were engaged in placing an extension ladder in place for use in that connection. The ladder was of wood construction and of metal-colored paint that concealed a metal strip along the sides of the ladder. Moline was pushing the extension part of the ladder from the bottom and plaintiff assisting by pulling at the top as he stood on a ledge of the building. The ladder being thus manipulated, came in such close proximity to said uninsulated transmission line as to cause current of electricity measuring some seven thousand volts to jump to or be carried by the upper end of the ladder and throughout its length, thereby rendering plaintiff unconscious. The offending wire, which was not observed by plaintiff or Moline, was in such a position in relation to where plaintiff was working as not to be visible to him.

There is no dispute but that plaintiff, in the manner described, met with an accident causing personal injury and disability, all of which arose out of and during the scope of plaintiff's employment by Newsom, who had the contract with defendant for painting Building 201 at said Radar Station.

William W. Essling, St. Paul, Minn., for plaintiff.

George E. MacKinnon, U. S. Atty., and Clifford Janes, Asst. U. S. Atty., St. Paul, Minn., for defendant.

No appearance for third party defendant.

---

1. 28 U.S.C.A. §§ 1346(b), 2671 et seq. and hereafter referred to as the Torts Act.

There is no dispute that said Radar Station was located on some forty acres owned by defendant and was installed for defense of the United States.

There is no dispute about the injuries and disability sustained by plaintiff, consisting of temporary total disability of sixteen weeks from August 10, 1955, and ending November 30, 1955, and of permanent partial disability of 37.95 weeks, commencing December 1, 1955, and ending August 22, 1956, and for which plaintiff was paid compensation pursuant to the Minnesota Workmen's Compensation Act, M.S.A. § 176.01 et seq., in the sum of $2,158.

The instant case followed, and as such is purely a federal statutory proceeding whereby plaintiff seeks $50,000 damages under the substantive law of Minnesota. By order of the Court, Newsom was named a third party defendant. Service was not made and Newsom is not presently before the Court.

Plaintiff contends, under the law of Minnesota, that he is entitled to damages attributed to defendant's negligence, for permanent and partial disability, for 10% loss of the function of both feet and for pain and suffering endured following the burning injuries to his feet and arms.

Plaintiff contends defendant is liable because defendant's negligence was the sole proximate cause of his injuries and disability.

Defendant contends:

1. The instant case does not come within said Torts Act.

2. Plaintiff's receipt and acceptance of compensation and benefits estops plaintiff's resort to the Courts for relief.[2]

3. Plaintiff has not made out a case of actionable negligence against defendant in the following respects:

(a) Plaintiff failed in proof that defendant's negligence was the proximate cause of the accident.

(b) Plaintiff contributed to the cause of the accident by his own negligence as a matter of law.

(c) Plaintiff assumed the risk of injury.

Is plaintiff within the Torts Act?

■ Defendant argues defendant comes within the exception[3] to the Act, claiming for security reasons that the radar site and work carried on there was and is "a discretionary function." I am not persuaded this is so.

■ Defendant next urges that plaintiff and defendant, at the time and place of the accident, were engaged in the furtherance of a common enterprise or the accomplishment of the same or related purposes on the premises, and hence plaintiff is limited to the Compensation Act of Minnesota. It is true defendant had one painter retained by it, independent of Newsom's employes. But he was not engaged in the common enterprise in any sense of that term. Defendant painter's work was completely separated from Newsom, and his employes, plaintiff and Moline, and therefore does not come within the pertinent section of the Minnesota Compensation Act, supra.[4]

■ Defendant, pleading freedom from negligence, contributory negligence and assumption of risk, seeks dismissal on the merits. Excepting defendant's first contention, supra, the parties are bound by the substantive law of Minnesota.[5]

■ Considering the defenses of contributory negligence and assumption of risk, it should be pointed out that assumption of risk is but another phase

2. 13 Minnesota Statutes Annotated § 176.06.

3. 28 U.S.C.A. § 2680(a).

4. Manteuffel v. Theo. Hamm Brewing Co., 238 Minn. 140, 56 N.W.2d 310; Schneider v. Texas Company, 244 Minn. 131, 69 N.W.2d 329; Volding v. Harnish, 236 Minn. 71, 51 N.W.2d 658.

5. Chicago Great Western Railway Company v. Robinson, 8 Cir., 243 F.2d 389, 391; Wood v. Gas Service Company, 8 Cir., 245 F.2d 653, 655, 657.

of contributory negligence under the law of Minnesota.[6]

 In order to bar recovery by plaintiff, the claimed contributory negligence of plaintiff, if any, must have proximately contributed to cause plaintiff's harm upon the record herein made. I cannot find any negligence on the part of plaintiff that proximately contributed to cause and effect.[7]

Was the defendant negligent, and if so, did it proximately cause the accident and injury to plaintiff?

 It is the law of Minnesota that maintaining electric wires in such a manner that in the exercise of reasonable care, injury to another may be anticipated, constitutes negligence, even though defendant owner of said wires could not have anticipated the injury which did occur.[8] In other words, one who erects electric lines carrying high voltage currents, as in the instant case, must exercise a degree of care commensurate with the danger to be apprehended and arising out of contact therewith or current jumping or escaping therefrom. Knowledge of such danger by the proprietor thereof, requires warning, either vocal or in writing, and if in writing, it must be in closer proximity to the point of danger than that evidenced in this case. Plaintiff's knowledge of the presence of wires other than the one injuring him is no bar to recovery. Negligence, contributory negligence and proximate cause in this type of case are questions of fact.[9]

 The lack of a preponderance of evidence in support of defendant's claim for relief by virtue of an independent intervening cause, exhausts defendant's opposition to recovery.[10] As pointed out by the Court in the recent case of Indian Towing Co. v. United States, 350 U.S. 61, 68, 69, 76 S.Ct. 122, 126, 100 L.Ed. 48:

"Loose general statements in the legislative history to which the Government points seem directed mainly toward the 'discretionary function' exemption of § 2680 and are not persuasive. The broad and just purpose which the statute was designed to effect was to compensate the victims of negligence in the conduct of governmental activities in circumstances like unto those in which a private person would be liable and not to leave just treatment to the caprice and legislative burden of individual private laws."

 All of the defenses relied on by defendant have been reviewed by the Court and it is my considered opinion that defendant's negligence was the sole proximate cause of the accident and injuries met with by plaintiff. Plaintiff is entitled to a recovery for the pain, suffering, injuries and disability sustained by reason of said accident, together with the proved permanent loss of use of each foot. There is no proof of medical or hospital expense incurred and remaining unpaid and none are allowed. The Court is aware of the repeated statement of Minnesota law, that in assessing damages for personal injuries it is permissible to consider present low value of money and high cost of living.[11] Plaintiff has not feigned injury and disability. He has returned to work available to him. The sum awarded is based on his obvious disinclination to exagger-

---

6. Peyla v. Duluth, M. & I. R. Co., 218 Minn. 196, 15 N.W.2d 518, 154 A.L.R. 505; Schneider v. Texas Company, supra.

7. Smith v. Twin City Rapid Transit Co., 102 Minn. 4, 112 N.W. 1001; Ranum v. Swenson, 220 Minn. 170, 19 N.W.2d 327.

8. Faribault v. Northern States Power Co., 188 Minn. 514, 247 N.W. 680.

9. Schroepfer v. City of Sleepy Eye, 215 Minn. 525, 10 N.W.2d 398; Schneider v. Texas Company, supra.

10. Defendant does not come within Medved v. Doolitle, 220 Minn. 352, 19 N.W.2d 788.

11. Ranum v. Swenson, supra.

ate symptoms and disability. All-inclusive damages for the foregoing are allowed in the sum of $7,500.[12]

An exception is allowed.

It is so ordered.

12. Evidence of compensation and benefits received by plaintiff under the Compensation Act was offered and received without objection.