**Leland A. HAIN, Plaintiff,**

v.

**The UNITED STATES of America,
Defendant.**

**Civ. No. 5–61–33.**

United States District Court
D. Minnesota,
Fifth Division.

July 27, 1963.

Gordon Rosenmeier, Little Falls, Minn., for plaintiff.

Miles W. Lord, U. S. Atty., and Sidney Abramson, Asst. U. S. Atty., Minneapolis, Minn., John J. Connelly, Asst. U. S. Atty., St. Paul, Minn., for defendant.

DONOVAN, District Judge.

This matter arises under the Federal Tort Claims Act.[1] Liability is admitted by defendant. The only issue remaining in the case has to do with the damages sustained by plaintiff.

Plaintiff, 26 years of age, was driving his motor vehicle on U. S. Highway 10 in Morrison County, Minnesota, in or near the Village of Randall on February 18, 1960. About 500 feet from the intersection of said highway with another Minnesota road, plaintiff's car was hit in the rear by a motor vehicle operated by one Richard L. Meyer, and with such force and violence as to throw plaintiff from his car and catapult him into and through a fence near the site of collision. That Meyer was at the time engaged in the course and scope of his employment by defendant is undisputed.

By pleading and proof, plaintiff sustained personal injuries, disability and property damage.

Plaintiff, testifying in his own behalf, describes bruising, cuts, injury to his back, with resulting pain and suffering, together with four days of hospitalization followed by a month and a half or six weeks' loss of wages. He works eight hours per day in a fifty-one hour week. His employment is that of a clerk and manager of a store. His present complaints consist of sharp pains when he attempts to raise his arms above his head and inability to lift heavy objects. At accident and trial, his wages amounted to $425.00 per month. During convalescence, he received two weeks' sick benefits.

Dr. Donovan L. McCain, an orthopedic surgeon, testified in plaintiff's case that he examined the plaintiff on December 18, 1961, and again on July 8, 1963, and

1. 28 U.S.C.A. § 1346(b) and § 2671 et seq.

observed a dorsal kyphosis (a backward and lateral curvature of the spine), healed scars, no spasm or rigidity. The doctor concluded that plaintiff at accident sustained a compression fracture of the first and second lumbar vertebrae and accompanying deformity. Further, that the X rays (plaintiff's exhibit 2) taken on July 8, 1963, show the compression fracture of said vertebrae to be healed with deformity, and that in his opinion plaintiff has sustained 15 to 20 per cent disability to plaintiff's person as a whole, or 10 per cent disability limited only to plaintiff's back.

Plaintiff's life expectancy is 38.12 years.

Plaintiff's property loss arising out of the collision (undisputed at trial) is, as follows:

| | | |
|---|---|---:|
| Property: — | Market value of car before accident | $1,895.00 |
| | Less credit as salvage | 150.00 |
| | Loss of watch | 110.00 |
| | Damage to clothing | 49.00 |
| Hospital and Medical: — | Hospitalization | 93.05 |
| | Medical expense | 110.50 |
| | X rays | 6.00 |
| Wage loss: — | Plaintiff's wage loss | 437.50 |

The only disputed question of fact in the case is that of the disability plaintiff sustained at the time of accident together with pain and suffering. In this respect, it is sound Minnesota law that plaintiff is entitled to recover for the pain and suffering attributed to the personal injuries sustained by reason of said accident, together with the proved permanent percentage of disability met with by plaintiff as a result thereof.[2]

The Court as trier of the facts in the case at bar is mindful that the law of Minnesota is applicable because the tort liability of defendant in the present case is restricted to those cases " * * * where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." [3]

In assessing damages for the result of personal injuries sustained by accident, it is permissible to consider the high cost of living as related to the present value of money.[4]

Plaintiff has resumed his regular employment. His complaints do not exceed those expected to be found in a compression fracture such as here met with. He is not a malingering type. Pain cannot be measured in dollars and cents, but for pain, partial disability, medical and hospital expense and property damage he has incurred, he should be compensated.

It is my opinion that he should be awarded damages, all inclusive in the sum of $8,000.00.

Plaintiff may submit findings of fact, conclusions of law, order for and form of judgment consistent with the foregoing.

It is so ordered.

An exception is allowed both parties.

2. McCormick v. United States, D.C.Minn., 159 F.Supp. 920, 924; William J. McAndrews v. The United States of America, D.C.Minn., Third Division, No. 2292 Civil, not reported.

3. 28 U.S.C.A. § 1346(b).

4. Ranum v. Swenson, (1945) 220 Minn. 170, 19 N.W.2d 327.