Edna Ruth COLE, Appellant,

v.

G. Joseph NEAF, an Individual, and G. Joseph Neaf, Public Administrator for St. Louis County, Missouri, et al., Appellees.

No. 17522.

United States Court of Appeals
Eighth Circuit.

July 21, 1964.

Richard B. Dempsey of Eaker, Dempsey, Heath & Dempsey, Clayton, Mo., made argument for the appellant and filed brief.

John J. Stewart, Clayton, Mo., made argument for the appellees and filed brief with Thomas P. Howe of Howe, LeMay, Dunlop, Stewart & Quillin, Clayton, Mo., and Donald J. Stohr, Asst. County Counselor, and also Joseph Moore, Asst. County Counselor, Clayton, Mo.

Before VAN OOSTERHOUT, BLACKMUN and MEHAFFY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by plaintiff Edna Ruth Cole, formerly Edna Ruth Bullock, from final judgment dismissing her malicious prosecution action against G. Joseph Neaf, individually and as Public Administrator for St. Louis County, Missouri, and against the United States Fidelity and Guaranty Company, surety upon his administrator's bond. Judge Meredith's well-considered opinion fairly setting out the facts, the issues and the reasons why the action should be dismissed is reported at 221 F.Supp. 875.

Jurisdiction, based upon diversity of citizenship, is established. This cause of action arose in Missouri and hence the law of that state controls.

Plaintiff's husband, James Bullock, died on December 17, 1958, of gunshot wounds which the coroner's report states were fired by parties unknown. Plaintiff, who had married James Bullock on June 28, 1958, was named sole beneficiary in three policies of life insurance aggregating $64,500 issued by Prudential Insurance Company, General American Life Insurance Company and Aid Association for Lutherans. Mrs. Cole was pressing the insurance companies for payment of their policies.

Each of said companies in March 1959 filed interpleader actions in the federal court depositing the proceeds of their policies. All named plaintiff and defendant as claimants and the companies, other than Prudential, also named Gertrude Duerbeck, an aunt of insured who prior to Bullock's marriage was a named beneficiary. Orders were entered in each of the interpleader suits in April 1959 accepting the deposit and discharging each insurance company from further liability and enjoining defendant claimants from instituting suit against the insurance companies upon their respective policies. Subsequently, after trial, the court in the interpleader actions determined plaintiff was entitled to the proceeds of the policies.

It is plaintiff's claim that Neaf wrongfully instigated the Prudential interpleader action and that he wrongfully continued prosecution of the other interpleader actions and that such conduct constituted malicious prosecution entitling plaintiff to damages sustained.

It is undisputed that Neaf as public administrator had properly been appointed administrator of Bullock's estate as required by Missouri law. Neaf in April 1959 filed answer in each of the interpleader actions, claiming the proceeds of the insurance policies for the estate upon the ground that plaintiff as named beneficiary was disqualified because she is guilty of complicity in the intentional killing of her husband.

The case was tried to the court without a jury. Judgment of dismissal, based upon fact-findings, was entered. This appeal followed.

As a basis for reversal, plaintiff urges the trial court committed error in the following respects:

1. In determining that Neaf had not instigated the Prudential suit.

2. In determining that Neaf had not wrongfully continued prosecution of the General American and Aid Association for Lutherans suits.

3. In refusing to permit plaintiff to amend pleadings to conform with proof.

4. In finding that malice was not established.

5. In permitting improper cross-examination of plaintiff.

 The trial court correctly states the basic Missouri law governing malicious prosecution actions as follows:

"Actions for malicious prosecution in Missouri are not favorites of the law. Kvasnicka v. Montgomery Ward & Co. (1942), 350 Mo. 360, 166 S.W.2d 503; Bonzo v. Kroger Grocery & Baking Co. (1939), 344 Mo. 127, 125 S.W.2d 75.

"The elements of a cause of action predicated on malicious prosecution require strict and clear proof. Higgins v. Knickmeyer-Fleer Realty & Investment Co., (1934) 335 Mo. 1010, 74 S.W.2d 805; Bellington v. Clevenger, (Mo.App., 1950), 228 S. W.2d 817; Chicago Great Western Railway Company v. Robinson, (C. A.8th, 1957), 243 F.2d 389. These elements are: (1) the commencement or prosecution of a criminal or civil proceeding against the plaintiff, (2) its legal causation by the present defendant, (3) without probable cause, (4) with malice, (5) which terminates in favor of the present plaintiff, (6) causing actual injury or damage to the present plaintiff. Hughes v. Aetna Ins. Co., (Mo.Sup., 1953), 261 S.W.2d 942; Kvasnicka v. Montgomery Ward & Co., supra; Bonzo v. Kroger Grocery & Baking Co., supra; Chicago Great Western Railway Company v. Robinson, supra." 221 F.Supp. 875, 877–78.

The court based its dismissal upon its finding that elements (1), (2) and (4) above set out are not established. Elements (3), (5) and (6) were established.

We have chosen to give first consideration to point (4) relating to the court's finding that malice was not established, as we regard such issue to be dispositive of this appeal. Without doubt, malice is an essential element of plaintiff's cause of action. Unless plaintiff has established that the court's fact-finding against her on the malice issue is clearly erroneous, an affirmance is required.

The trial court determined that plaintiff had established that the charges against her contained in defendants' answers in the interpleader actions were made without probable cause. This finding was based upon the court's view that the failure of the officers to charge or the grand jury to indict plaintiff on charges of complicity in the murder made a prima facie case of want of probable cause and that such prima facie case had not been rebutted by Neaf except as it bears on malice. Additionally, the court stated, "We cannot say as a matter of fact that defendant Neaf honestly believed that plaintiff was guilty of the facts charged." 221 F.Supp. 875, 880.

Plaintiff's position is that where, as here, lack of probable cause is established, the burden shifts to defendant to show lack of malice. Stubbs v. Mulholland, 168 Mo. 47, 67 S.W. 650, 658; Kvasnicka v. Montgomery Ward & Co., 350 Mo. 360, 166 S.W.2d 503, 514, cited by the plaintiff, support her position.

In Kvasnicka, the court states:

"In the Stubbs case the court said: 'In order to support such an action as that of the case at bar, two ingredients must come together: (1) Malice on the part of the prosecutor; (2) the want of probable cause for the prosecution. Absent either of these, the action for malicious prosecution fails. * * * And it has been ruled that whenever a prosecution is shown to have been made without probable cause, there the burden is cast upon the defendant's shoulders to show want of malice.' 168 Mo. 47, 74, 67 S.W. 650, 658. The court further said: 'Proof of malice does not prove want of probable cause. "Malice, however, need not be proved by direct and positive testimony, but may be inferred from the facts which go to establish the want of probable cause, and this is all that is meant when it is said that malice may be inferred from want

of probable cause." Sharpe v. Johnston, 59 Mo. [557], loc. cit. 575, 576.' 168 Mo. 47, 75, 67 S.W. 650, 658." 166 S.W.2d 503, 514.

■ The Missouri cases cited by Judge Meredith fully support his view of the law as stated in his opinion as follows:

"While plaintiff correctly states that malice may be inferred from want of probable cause, Stubbs v. Mulholland, supra; explained in Kvasnicka v. Montgomery Ward & Co., supra, still '[t]he inference of malice from want of probable cause is one of fact to be drawn by the jury, but the jury are not required to find it merely because they find want of probable cause.'" 221 F.Supp. 875, 881.

Such is also the law generally. Wheeler v. Nesbitt, 24 How. 544, 65 U.S. 552, 16 L.Ed. 765; Renda v. International Union, United A., A. & A. I. Wkrs., 366 Mich. 58, 114 N.W.2d 343, 362; 54 C.J.S. Malicious Prosecution § 43; 34 Am.Jur., Malicious Prosecution §§ 160, 167.

The Kentucky Court of Appeals in Illinois Cent. R.R. v. Anderson, 206 Ky. 600, 268 S.W. 311, 312, aptly states:

"If the law imputed malice from want of probable cause alone, then there would be no distinct requirement of malice, but want of probable cause would be the sole element necessary."

■ Here the court was the fact-finder. The court's finding on the malice issue reads:

"Acting as public administrator, defendant Neaf was under a duty to protect the assets of the estate of Bullock. At the time he filed his answers and amended answers he honestly believed the St. Louis police had a case and that plaintiff would stand trial on a criminal charge. As it turned out, he was mistaken, but he was mistaken at a time when he had to elect between making a claim to the insurance proceeds or foregoing it forever. The criminal over-

tones of the civil interpleader action cannot be ignored, but neither can defendant Neaf's honest understanding and undertaking in the performance of his duty to collect the assets of the estate. We cannot, as plaintiff would have us, infer malice from the fact that defendant Neaf stood to gain fees if the estate had obtained the proceeds of the insurance. As the trier of fact, we are unable to infer or find any evidence of malice on the part of defendant Neaf. Necessarily, judgment must issue for defendant for an action for malicious prosecution cannot be sustained, unless there is a finding of malice. Randol v. Kline's Incorporated [322 Mo. 746, 18 S.W.2d 500], supra." 221 F.Supp. 875, 881.

Such finding that malice is not established is a permissible one upon the record in this case.

■ In actions tried to a court without a jury, Fed.R.Civ.P. 52(a) expressly places the responsibility upon the trial court for resolving doubtful fact issues. We are not privileged to try the case de novo and substitute our judgment for that of the trial court. Findings of fact can be set aside only upon clear demonstration that they are without substantial evidentiary support or that they are induced by an erroneous view of the law. Ashley v. United States, 8 Cir., 326 F.2d 499, 500; Anthony v. Louisiana & Arkansas Ry., 8 Cir., 316 F.2d 858, 861; Pendergrass v. New York Life Ins. Co., 8 Cir., 181 F.2d 136, 138.

■ We have repeatedly and consistently held, at least subsequent to the Supreme Court's decision in Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 291, 80 S.Ct. 1190, 4 L.Ed.2d 1218, that the clearly erroneous standard applies to reasonable inferences to be drawn from stipulated or undisputed facts and that it is for the trial court rather than this court to draw legitimate and permissible inferences. Estate of Sheaffer v. Commissioner, 8 Cir., 313 F. 2d 738, 740; Estate of Smith v. Com-

missioner, 8 Cir., 313 F.2d 724, 727; Sachs v. Commissioner, 8 Cir., 277 F.2d 879, 881.

In our present case, defendant Neaf testified that he had discussed the matter of plaintiff's possible implication in her husband's murder with the police and that the police had an extensive file containing a good many statements, some of which were very impressive. Part of such evidence is set forth in the trial court's opinion. On cross-examination, Neaf testified:

"Q. Now on April 6, 1959, you charged Mrs. Bullock with being guilty of complicity in the murder of her husband. What evidence did you have, sir, at that time to make that charge? A. I had the statements of the police that—well the statements of the police were rather strong. They indicated to me that we had enough of a case to do this.

\* \* \* \* \* \*

"Q. Now did you think that that information, sir, was sufficient to base a charge of murder on? A. That was the evidence.

"Q. You felt that that was sufficient to charge a person of murdering her husband? A. They thought they could make a case.

"Q. No, sir. Not what they thought. What you as Public Administrator thought. A. I thought so, yes, sir.

"Q. You thought so. And it was on the basis of that evidence that you charged this woman with having been guilty of complicity in the murder of her husband? A. Yes, sir.

"Q. And it was on the basis of that evidence you made a claim against all three of these insurance policies and sought to have the insurance proceeds turned over to you? A. Yes, sir."

Neaf also testified that he had discussed the facts with insurance agents who had investigated policy claims and that he had also discussed the matter with the probate judge. The probate court prior to the Prudential suit enjoined payment of the Prudential policy pending further investigation.

Moreover, as pointed out by the trial court, Neaf was compelled to take prompt action to protect the possible interests of the Bullock estate after the interpleader actions had been commenced. The trial court had the opportunity to see and hear the witnesses and thus was in the most favorable position to determine credibility issues. Judge Meredith's opinion reflects that he gave full and careful consideration to the permissible inferences available arising from lack of probable cause and to all evidence in the record bearing upon the malice issue. We cannot say his finding that malice is not established is clearly erroneous.

The trial court's opinion with respect to errors numbered (1) and (2) asserted in this appeal appears to be persuasive but we do not reach such issues as our determination upon the malice issue is controlling. Also, like the trial court, we do not reach defendant's contention that his official position affords him immunity from the suit.

Plaintiff's claim under point (3) that the court erred in refusing her proffered amendment to conform to proof lacks merit. Plaintiff originally pleaded wrongful continuation of the interpleader actions. But as pointed out at p. 880 of 221 F.Supp., she withdrew such pleading with the consent of the court and thereby successfully excluded testimony with respect to probable cause based upon knowledge acquired by Neaf subsequent to the filing of his answer.

█ Lastly, plaintiff urges that the court committed error in overruling objections made to questions propounded to her upon cross-examination. The trial court has a large discretion with respect to the scope of cross-examination. We doubt whether any error has been committed. In any event, we are convinced that the testimony received over objection had no prejudicial effect. Plaintiff has failed to demonstrate that any preju-

dicial error has been committed in the respect claimed. See Pritchard v. Downie, 8 Cir., 326 F.2d 323, 326; Builders Steel Co. v. Commissioner, 8 Cir., 179 F.2d 377, 379.

We conclude that plaintiff has had in all respects a fair trial and that she has failed to establish that the court committed any prejudicial error entitling her to a reversal.

Affirmed.