**J. Walter SIMMONS, Appellant,**

v.

**ORION INSURANCE COMPANY, Ltd.,**
**Appellee.**

**No. 18028.**

United States Court of Appeals
Eighth Circuit.

Oct. 5, 1966.

John G. Crichton, North Kansas City, Mo., for appellant.

Lyman Field, Kansas City, Mo., for appellee. Rogers, Field & Gentry, Kansas City, Mo., with him on the brief.

Before VAN OOSTERHOUT and ME-HAFFY, Circuit Judges, and HARPER, District Judge.

MEHAFFY, Circuit Judge.

Plaintiff, J. Walter Simmons, brought this diversity action to recover upon an "Airline Pilot Occupational Disability Policy" issued by defendant, Orion Insurance Company, Ltd. Defendant denied liability and pleaded fraudulent misrepresentation by Simmons in describing the state of his health, which voided the certificate of insurance. The case was tried without a jury, and upon finding that plaintiff was not and never had been disabled the court held for defendant. We affirm.

Simmons' application for this insurance was filed on August 31, 1960 and *inter alia* represented that he was then in good health and knew of no disease or infirmity that might give rise to future claims. Based upon this representation, the policy was issued without medical examination, effective October 1, 1960.[1]

At the time of application Simmons had an airman's medical certificate, but before the effective date of the insurance he took a leave of absence from his employer and subsequently lost the medical certificate which he was never able to renew. Simmons' medical rejection by the Federal Aviation Agency was ultimately affirmed on the basis of a history of chronic alcoholism. This decision was reported to Simmons by letter of November 13, 1963, after this suit had been instituted and was the first mention of alcoholism as the reason for rejection of the medical certificate. Simmons made no allegation in his complaint of disability due to this cause. Prior to final rejection of the medical certificate and institution of this suit, Simmons had made two reports to defendant, one indicating a temporary back condition and the other a heart condition characterized by Simmons as a "fallacy."

Simmons and his physician were the only witnesses testifying at trial. Additionally received in evidence were interrogatories, medical reports and exhibits consisting of correspondence with FAA and between plaintiff and defendant.

Although subsidiary issues are raised, the crux of this case is whether, during the period of valid existence of the contract, Simmons sustained an injury, sickness or disease resulting in permanent disability covered by the policy.

On February 3, 1961, Simmons reported that his medical certificate was not renewed due to a chronic back strain.[2] At trial, Simmons testified that he had had no trouble with this back since March or April, 1961, and that he had been engaged in driving a taxicab as much as ten to twelve hours per day without experiencing any back difficulty. He testified that the back condition had cleared up and "[it] has no bearing upon the case whatsoever." Simmons' physician described Simmons' back condition as "mostly a matter of muscle strain" and not permanent or disabling, which was corrected by June, 1961.

Simmons' second report to defendant on October 8, 1962 indicated a "coronary insufficiency," the onset of which oc-

1. The coverage clause of the policy provided:

   "The Company agrees that if, at any time during the valid period of this certificate, the insured shall sustain any accidental bodily injury or contract any sickness or disease, including natural deterioration (hereinafter referred to as disability) which shall result in the Insured being permanently prevented from carrying on his occupation, the Company will pay to the Insured the principal sum within seven days after proof of permanent disability to the Company."

2. To Southeastern Aviation Underwriters, Inc.

   "To conform with paragraph No. 7 of occupational disability insurance Certificate, I wish to advise you as follows.

   "My first class medical certificate expired Nov. 1960, was unable to renew it due to Chronic back strain—Instability of intervertebral joints C 3–4, T–7 to T–11, Lumbosacral and R & L upper sacroiliac as diagnosed and treated by Dr. G. A. Hemwall. However, in my opinion and in the opinion of my physicians, I should be able to return to work in approximately two months."

curred September 7, 1960, before the effective date of the insurance. Simmons testified that he never had a coronary insufficiency; that the doctor's indication of such ailment was a fallacy; and he was "not disabled from flying an airplane because of coronary insufficiency." Simmons' physician corroborated this testimony as did a subseqent examination by FAA medical men.

Simmons categorically denied that he was or ever had been an alcoholic; that he never used alcohol to excess; and that no such condition disabled him from flying an airplane. He explained the FAA report as being based on false information furnished by neighbors jealous of his affluence.

Additionally, Simmons denied being disabled for any physical or mental reason from flying an airplane:

"Q. Then you are not disabled from flying an airplane for any physical or mental reason, are you?

"A. No, sir.

"Q. And the only reason you say you cannot fly an airplane is because the FAA has refused to issue you a medical certificate based on grounds that are not true?

"A. That is correct."

Based on Simmons' testimony, the trial court found "the plaintiff at the trial stated he was not disabled and never has been. The court, accordingly, finds the plaintiff was not and never has been disabled."

■■ Upon the record evidence, Simmons has completely failed to discharge his burden of proving his loss was due to an insurable cause. Indeed, his own testimony refutes it. The policy insured against occupational disability occasioned by accidental injury or sickness or disease occurring during its valid existence —not against loss of license based on allegedly false findings by the FAA. The general rule is that an insured has the burden of proving that the loss occurred from causes within the terms of the policy. See and compare Wilson v. New York

Life Ins. Co., 250 F.2d 649 (8th Cir. 1958).

■ In any event, we as a reviewing court must affirm the trial court on this fact issue unless it is clearly "without substantial evidentiary support or [was] induced by an erroneous view of the law." Cole v. Neaf, 334 F.2d 326, 329 (8th Cir. 1964).

■ We find no merit in Simmons' contention that disability should be found in government reports rejecting his medical license. These reports are not detailed and contain only the ultimate conclusion of a history of chronic alcoholism. In addition to Simmons' denial of this condition, which the trial court had a right to credit, there is no indication that the disability did not antedate the effective date of the policy. There is a medical report in the record from the Trinity Lutheran Hospital of Kansas City revealing that Simmons was admitted there "partially" drunk on March 15, 1958—long before the application for insurance. This report further revealed that Simmons had been drinking excessively for the past several weeks; that he suffered hypertrophic gastritis due to excessive alcoholic ingestion, and on account thereof he could not eat normally and was worried about the possibility of having cirrhosis of the liver.

■ The insurance policy provided for resort to medical referees but neither party utilized this provision. However, defendant's failure to invoke this clause does not excuse Simmons from proving disability under the terms of the policy.

■■ Finally, Simmons asserts that because defendant never attempted to prove the fraud defense, its position was inconsistent. Since Simmons did not discharge his burden of proof, it was not necessary for defendant to adduce evidence. It is entirely proper for a defendant to make diverse and separate defenses and rely on either or all. Fed. R.Civ.P. 8(e) (2). As stated in Citizens and Southern Nat. Bank v. American Surety Co. of New York, 347 F.2d 18, 23 (5th Cir. 1965), " * * * the short answer to the defendant's argument is that

the Federal Rules of Civil Procedure do not require consistency of pleadings."

The judgment of the District Court is affirmed.