AMERICAN PROPERTIES, INC., and The Estate of Stanley S. Sayres, deceased, Harold L. Scott, and A. R. Munger, Executors, and Madeleine A. Sayres, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 16051.

United States Court of Appeals
Ninth Circuit.

Dec. 10, 1958.

Kenneth P. Short, Seattle, Wash., for petitioners.

Charles K. Rice, Asst. Atty. Gen., George W. Beatty, Lee A. Jackson, I. Henry Kutz, C. Guy Tadlock, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before ORR, CHAMBERS, and HAMLIN, Circuit Judges.

PER CURIAM.

■ Petitioner Stanley S. Sayres, a well known power boat racing enthusiast, sought to deduct expenses of building, maintaining and operating certain of these boats as an ordinary and necessary expense of petitioner American Properties, Inc., a corporation of which Sayres was the sole owner. Int.Rev.Code of 1939, § 23(a) (1) (A), 26 U.S.C.A. § 23 (a) (1) (A). These deductions were denied by the Commissioner who considered them not to be business expenses, but actually dividends to Sayres as the funds in question were expended for his own personal use. Furthermore, Sayres as an individual was also denied a deduction for the same amounts which were considered dividend income to him because, just as they were not business expenses of the corporation, they were not individual business expenses of Sayres, Int. Rev.Code of 1939, § 23(a) (1) (A), nor losses incurred in a trade or business or in any transaction entered into for profit, Int.Rev.Code of 1939, § 23(e) (1, 2), but were sums spent in the pursuit of his hobby—boat racing.

The tax court upheld the Commissioner's determinations, finding as a fact (and petitioners do not contend that it was not a finding of fact) that the activities "with respect to the boats were not conducted with the intention of making a profit and that such activities did not constitute the conduct of a trade or business by either" Sayres or the corporation.

■■ Our examination of the record convinces us that the tax court's findings that the expenditures in question were personal is substantially supported by the evidence and are not adduced from an erroneous view of the law. Hence, they are not clearly erroneous and cannot be set aside. This is true of all questions of fact including the presence or absence of a profit motive. Rule 52(a), Federal Rules of Civil Procedure, 28 U.S. C.A. See United States v. United States Gypsum Co., 1948, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746; Higgins v. Commissioner of Internal Revenue, 1941, 312 U.S. 212, 61 S.Ct. 475, 85 L.Ed. 783.

No contention is made that the monies here involved are not dividend income to Sayres after it is found that the amounts were expended for Sayres' personal use.

We see no purpose in detailing the evidence upon which the tax court based its decision. That information can be had by reference to the said decision. 28 T.C. 1100.

Affirmed.