Irving SACHS, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 16353.

United States Court of Appeals
Eighth Circuit.

April 20, 1960.

Sharon L. King, Atty., Tax Division, Dept. of Justice, Washington, D. C., made argument for respondent.

Henry C. Lowenhaupt, St. Louis, Mo., made oral argument for petitioner.

Before VOGEL, VAN OOSTERHOUT, and MATTHES, Circuit Judges.

MATTHES, Circuit Judge.

The question is whether the amounts paid by Shu-Stiles, Inc., a Missouri corporation, to discharge a fine imposed upon petitioner, who was a shareholder and the president of the corporation, constitute income taxable to petitioner under § 22(a), § 115(a) Internal Revenue Code, 1939, 26 U.S.C.A. §§ 22(a) 115(a), § 61, § 316 Internal Revenue Code, 1954, 26 U.S.C.A. §§ 61, 316. The Tax Court sustained respondent's determination that for the years 1951 through 1955 there were deficiencies in petitioner's income tax totaling $21,651.69. See 32 T.C. 815. It is this decision that we are called upon to review. This Court has jurisdiction under § 7482 Internal Revenue Code of 1954, 26 U.S.C.A. § 7482.

The facts were stipulated and, unlike many tax cases, are not complicated.

During 1951 through 1955, petitioner, the largest single owner of the capital stock of Shu-Stiles, Inc., owned 376.3 shares of the total of 1184.1 shares issued and outstanding. The remaining shares were owned by three brothers of petitioner and one person not a relative. During this same period petitioner was employed as president of the corporation and was in charge of its business and affairs.

By a 4-count indictment filed in the United States District Court for the Eastern District of Missouri on March 1, 1951, petitioner was charged with unlawfully attempting to defeat and evade a large part of the tax owed by Shu-Stiles, Inc., for the years 1942, 1943, 1944 and 1945, by filing false and fraudulent tax returns for the corporation. During those years the petitioner was president of the corporation. In due time petitioner entered a plea of guilty and was fined $10,000 on each of the counts, or a total of $40,000. Shortly after the fine was assessed, the district court, by appropriate order, directed the payment of the fine in installments over a period of approximately four years. At about the time of the conviction and the assessment of the fine, the shareholders of Shu-Stiles, Inc., in special meeting, adopted a motion which provided, in effect, that, inasmuch as the acts of petitioner, as president of the corporation, leading up to his indictment, conviction and the assessment of the fine, were done for and on behalf of the corporation without any personal benefit from such acts, the fine should be paid by the corporation and that all expenses

incurred by petitioner incidental to the indictment be assumed and paid by the corporation. Pursuant to this authorization, Shu-Stiles, Inc., paid $5,000 of the fine and $24.50 as costs in 1951, $7,500 in 1952, $10,000 in 1953, $10,000 in 1954, and $7,500 in 1955. The amounts so paid were charged against the surplus account on the books of the corporation.

Although petitioner filed personal returns for the years 1951 through 1955, he did not report as income any of the amounts paid by Shu-Stiles, Inc., in discharging his fine, and it was this failure that caused the respondent to issue notice of deficiency, determining that the amount of the fine and the court costs assumed and paid by the corporation represented "taxable income" received by petitioner in each of the respective years in which installments were paid by the corporation. From the Tax Court opinion it appears that the respondent did not originally assign any particular reason for determining that the amounts in question represented taxable income under § 22(a) Internal Revenue Code, 1939, § 61 Internal Revenue Code, 1954, but in the Tax Court the position was taken that the amounts paid constituted taxable dividends within the meaning of § 115(a) Internal Revenue Code, 1939, and § 316(a) Internal Revenue Code, 1954.

After full consideration of the applicable statutes, the decisional law and the petitioner's contentions, the Tax Court concluded: "We think that under the authorities which we have cited hereinabove, the payments by the corporation constituted the constructive payments of dividends to the petitioner at the times paid."

Here, as in the Tax Court, petitioner argues that the payments do not fall within the category of a dividend as contemplated by the statutes; that he was not enriched by the transaction and did not experience any profit or gain from the payments. He insists that we must consider the transaction in its entirety, including the factor which motivated the payment by the corporation and that when so viewed it becomes evi-dent that the payment was made to "indemnify petitioner against a loss he suffered. This is not income."

Before attending to these contentions which go to the heart of this case, we give recognition to certain principles of law which are applicable generally when a decision of the Tax Court is under review.

■■ We are required to review the decision of the Tax Court, "in the same manner and to the same extent" as decisions of the District Courts in civil actions tried before the Judge and without a jury. § 7482, Title 26, U.S.C.A. (I.R.C.1954). Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A., provides that findings of fact by the trial court shall not be set aside "unless clearly erroneous." If the Tax Court's finding here is supported by substantial evidence upon the record as a whole, and is not against the clear weight of the evidence or induced by an erroneous view of the law, it cannot be disturbed upon appeal. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746, rehearing denied 333 U.S. 869, 68 S.Ct. 788, 92 L.Ed. 1147. See also Kemper v. Commissioner of Internal Revenue, 8 Cir., 269 F.2d 184, 185, 186; Marcella v. Commissioner of Internal Revenue, 8 Cir., 222 F.2d 878, 881; Klamath Medical Service Bureau v. Commissioner of Internal Revenue, 9 Cir., 261 F.2d 842, 847, certiorari denied 359 U.S. 966, 79 S.Ct. 877, 3 L.Ed.2d 834, and compare Crown Iron Works Co. v. Commissioner of Internal Revenue, 8 Cir., 245 F.2d 357, 358; Lengsfield v. Commissioner of Internal Revenue, 5 Cir., 241 F.2d 508.

In Boehm v. Commissioner of Internal Revenue, 326 U.S. 287, 293, 66 S.Ct. 120, 124, 90 L.Ed. 78, the Supreme Court stated:

"* * * The circumstance that the facts in a particular case may

be *stipulated or undisputed* does not make this issue any less factual in nature. The Tax Court is entitled to draw whatever inferences and conclusions it deems reasonable from such facts. (Emphasis supplied.)

Section 22(a) Internal Revenue Code, 1939 [as amended by Section 1, Public Salary Tax Act of 1939, c. 59, 53 Stat. 574] defines, "gross income" as including gains, profits and income derived from "salaries * * * also from interest * * * *dividends* * * * or gains or profits and income derived from any source whatever * * *." Section 22(e) provides that "Distributions by corporations shall be taxable to the shareholders as provided in section 115." Section 115 [as amended by Section 166 of the Revenue Act of 1942, c. 619, 56 Stat. 798] defines "dividend" to mean "any distribution made by a corporation to its shareholders, whether in money or in other property, (1) out of its earnings or profits accumulated after February 28, 1913, or (2) out of the earnings or profits of the taxable year * * without regard to the amount of the earnings and profits at the time the distribution was made. * * * " The pertinent provisions of Treasury Regulations 111, Section 29.115–1, promulgated under the Internal Revenue Code of 1939, define the term "dividend" in substan-

tially the same language. Section 61(a) and § 316(a) are the corresponding provisions in the Internal Revenue Code of 1954 and are substantially the same as § 22(a) and § 115(a) of the 1939 Code.

▮▮▮ Out of the numerous cases which have been focused upon financial transactions between corporations and their shareholders, there has evolved a body of law which has given vitality to the taxing statutes under consideration. In determining the character of a corporate payment to shareholders, the courts, in looking through form to substance, have established certain criteria in determining the practical effect of such disbursements. Thus, the fact that there has been no formal declaration of dividend, or that there has been no general distribution among all shareholders, is of no import in determining the true nature of the payment.[1] Receipts through diversion or conversion of corporate earnings and profits may be taxed as "constructive dividends."[2] Furthermore, corporate payments to third parties at the direction of shareholders, or in discharge of their personal debts and liabilities, have been ruled to be in the nature of constructive dividends, constructively received by shareholders.[3] The motive, or expressed intent of the corporation is not determinative, and constructive dividends have been found contrary to the expressed intent of the

1. This is particularly true in closely held, family corporations. Simon v. Commissioner of Internal Revenue, 8 Cir., 248 F.2d 869, 875; Helvering v. Gordon, 8 Cir., 87 F.2d 663, 666, 667; Fitch v. Helvering, 8 Cir., 70 F.2d 583, 586; Lengsfield v. Commissioner of Internal Revenue, 5 Cir., 241 F.2d 508, 511; 58th St. Plaza Theatre v. Commissioner of Internal Revenue, 2 Cir., 195 F.2d 724, 725, certiorari denied 344 U.S. 820, 73 S.Ct. 17, 97 L.Ed. 638; Clark v. Commissioner of Internal Revenue, 9 Cir., 266 F.2d 698, 711; and Vol. I Mertens Law of Federal Income Taxation § 9.11, § 9.12.

2. Dawkins v. Commissioner of Internal Revenue, 8 Cir., 238 F.2d 174, 178; Byers v. Commissioner of Internal Revenue,

8 Cir., 199 F.2d 273, certiorari denied 345 U.S. 907, 73 S.Ct. 646, 97 L.Ed. 1343; Simon v. Commissioner of Internal Revenue, 8 Cir., 248 F.2d 869; Helvering v. Gordon, 8 Cir., 87 F.2d 663; Drybrough v. Commissioner of Internal Revenue, 6 Cir., 238 F.2d 735.

3. Greenspon v. Commissioner of Internal Revenue, 8 Cir., 229 F.2d 947, 956; Byers v. Commissioner of Internal Revenue, 8 Cir., 199 F.2d 273, certiorari denied 345 U.S. 907, 73 S.Ct. 646, 97 L.Ed. 1343; American Properties, Inc. v. Commissioner of Internal Revenue, 9 Cir., 262 F.2d 150; Paramount-Richards Theatres v. Commissioner of Internal Revenue, 5 Cir., 153 F.2d 602, 604; Wall v. United States, 4 Cir., 164 F.2d 462.

corporation.[4] The courts, as arbiters of the true nature of corporate payments, have consistently used as a standard the measure of receipt of economic benefit as the proper occasion for taxation.[5]

With the foregoing constituting a guide, it is evident that the decision of the Tax Court is not clearly erroneous, indeed, we are convinced that the undisputed facts compel the result reached by that court. The requirements of the statute are satisfied. There was a distribution of money by Shu-Stiles, Inc., for the benefit of petitioner, its principal shareholder, and the distribution came out of the earnings and profits of the corporation. True, the payments were not made directly to petitioner, but legally, this circumstance is of no significance, and petitioner concedes that the payments are to be treated as though they were made to him.

The argument advanced by petitioner to the effect that the payment of the fine was in the nature of indemnity is untenable. Generally, payment made to indemnify another springs from contract, express or implied. See 42 C.J.S. Indemnity § 2, and 27 Am.Jur. Indemnity §§ 2 and 6. It cannot be gainsaid that an agreement to pay the penalty which might be imposed upon one found guilty of violating the law would be tainted with illegality and unenforceable. It is also settled that such a payment would not be deductible as an expense of doing business. Tank Truck Rentals, Inc. v. Commissioner, 356 U.S. 30, 78 S.Ct. 507, 2 L.Ed.2d 562; Knight-Campbell Music Co. v. Commissioner of Internal Revenue, 10 Cir., 155 F.2d 837. In connection with this point, petitioner further urges that assessment of the fine is in the nature of a "loss" and that its payment resulted in no economic benefit.

Insofar as petitioner would include a criminal fine in a category with certain recognized losses of capital such as through theft, fire, and other casualties, see § 165 Internal Revenue Code, 1954, 26 U.S.C.A. § 165, his contention merits no discussion. Insofar as his argument goes to a lack of economic benefit accruing to him, we need only observe that he personally was liable for payment of the fine assessed against him for his criminal act; that it was in the nature of any other private debt, and his property and assets were liable for seizure and sale in satisfaction of such debt. See 18 U.S.C.A. § 3565. We also note that under the provisions of the order of the district court, pursuant to his conviction upon indictment, petitioner was ordered imprisoned until the fine was paid, and that upon modification, providing for payments in installments, petitioner was liable to stand committed upon default of any of the installment payments. Under these facts, we do not understand how petitioner can seriously argue that he received no economic benefit by reason of the corporate payment of his fine.

Petitioner relies strongly upon Ruben v. Commissioner of Internal Revenue, 8 Cir., 97 F.2d 926, which involved settlement of a suit against a corporation and its shareholders. There, although the settlement and payment by the corporation in turn released the shareholder from any further claim and liability to the plaintiff in the action, the court found that no taxable benefit accrued to the shareholder, inasmuch as the corporation acted for itself, and entirely in its own interest in making payment on the claim. Here, the corporation was in no way involved in the criminal prosecution of petitioner. In the absence of any liability of the corporation as found

4. Helvering v. Gordon, 8 Cir., 87 F.2d 663; Fitch v. Helvering, 8 Cir., 70 F.2d 583; Lengsfield v. Commissioner of Internal Revenue, 5 Cir., 241 F.2d 508, 511; Hash v. Commissioner of Internal Revenue, 4 Cir., 273 F.2d 248, 250; Clark v. Commissioner of Internal Revenue, 9 Cir., 266 F.2d 698, 711.

5. Hash v. Commissioner of Internal Revenue, 4 Cir., 273 F.2d 248, 250, 251; 58th St. Plaza Theatre v. Commissioner of Internal Revenue, 2 Cir., 195 F.2d 724, certiorari denied 344 U.S. 820, 73 S.Ct. 17, 97 L.Ed. 638.

in Ruben v. Commissioner of Internal Revenue, supra, and Ingalls v. Patterson, D.C.Ala., 158 F.Supp. 627, it must be held that the voluntary payment of petitioner's fine by the corporation was in effect a payment of dividends, taxable as such. Cf. Knight-Campbell Music Co. v. Commissioner of Internal Revenue, 10 Cir., 155 F.2d 837, 840.

The judgment is

Affirmed.