572

Robert M. JEWELL and Mildred Jewell,
husband and wife, Plaintiffs,

v.

The UNITED STATES of America,
Defendant.

No. 3725.

United States District Court
D. Idaho, S. D.

March 20, 1963.

Robert Copple, Boise, Idaho, for plaintiff.

Robert Bakes, Asst. U. S. Atty., Boise, Idaho, and Harold Larson, Washington, D. C., for defendant.

FRED M. TAYLOR, District Judge.

Plaintiffs instituted this action to recover Federal income taxes they claim were illegally and erroneously assessed and collected for each of the years 1953 through 1957.

This Court has jurisdiction under and pursuant to 28 U.S.C. § 1346(a) (1).

Plaintiffs as husband and wife filed joint income tax returns for the years in question and for that reason Mildred Jewell is a taxpayer in this action. Hereinafter any reference to taxpayer shall be to plaintiff Robert M. Jewell.

The facts material to a determination of this case are not in dispute.

On November 1, 1952, plaintiff Robert M. Jewell purchased 263 shares of the capital stock in the Farmer Oil Company, a corporation, from the H. Earl Clack Trust, giving in payment therefor his promissory note for $32,501.54, payable in annual installments of $3,250.15 plus interest at the rate of four per cent. At the same time W. Turner Clack purchased 1517 shares of the stock in said corporation from the Clack Trust, giving in payment therefor his promissory note for $170,450.12, payable in annual installments. As a result of these transactions plaintiffs and W. Turner Clack became the owners of all the corporate stock of the Farmer Oil Company. The plaintiffs had formerly owned 12 per cent of the stock, and with this purchase they became the owners of 21 per cent and Clack of 79 per cent thereof.

Soon thereafter on December 15, 1952, the Farmer Oil Company as a corporation was liquidated and its assets were distributed to the stockholders in proportion to their respective interests of 21

per cent to plaintiffs and 79 per cent to Clack. Immediately thereafter on December 15, 1952, taxpayer and Clack entered into a partnership for the operation of the same business under the assumed name of Farmer Oil Company to which partnership the assets received by them from the former corporation were transferred. The capital accounts on the partnership books were as follows:

| | |
|---|---|
| W. Turner Clack | $178,180.30 |
| Robert M. Jewell | 47,364.38 |

For all intents and purposes the business of Farmer Oil Company remained the same as before, in name and otherwise, except for its being operated as a partnership instead of a corporation.

The business remained in a partnership status until June 30, 1953, when it was dissolved. On July 1, 1953, taxpayer and Clack organized two corporations, the Farmer Oil Wholesale Company and the Farmer Oil Service Company, into which corporations the parties transferred the assets formerly in the partnership, subject to liabilities of the business, in exchange for the capital stock of said corporations. Again taxpayer received 21 per cent and Clack 79 per cent of the total stock of these corporations.

According to the testimony of the taxpayer the partnership assumed his indebtedness to the Clack Trust and, although not clear from his testimony, the obligation of W. Turner Clack was also assumed by the partnership. It is not shown from the record just how this was accomplished since there is nothing by way of a written document or books disclosing the facts. It is reasonable to assume that the partners just agreed to do it and the obligations were set up as liabilities on the books of the partnership business. There is no evidence to indicate that at this point the Clack Trust released the individuals from their respective obligations and looked to the partnership for payment. Neither is there anything in the record to indicate what, if anything, was transferred to the partnership as a consideration for as-

suming the obligations. Obviously the individuals still remained obligated to the Clack Trust on their respective notes at the time the partnership was dissolved.

When the new corporation, Farmer Oil Wholesale Company, was organized on July 1, 1953, it executed promissory notes to the H. Earl Clack Trust in amounts identical to those theretofore given by taxpayer and W. Turner Clack to acquire the stock of Farmer Oil Company and their individual notes were canceled by the Trust.

Here again the record is not clear as to what happened because the corporate records are silent in regard to the notes. There is nothing to indicate any benefit to the corporation for the assumption of this indebtedness. Taxpayer testified that for his personal security reasons the assumption of his note was a consideration or condition for his transferring his portion of the assets to the corporation. No doubt the same was true as far as Clack was concerned.

Thereafter the corporation paid its note from earnings or accumulated surplus during the years in question and deducted the sums paid as interest on its Federal income tax returns. During this period only one formal dividend was declared by Farmer Oil Wholesale Company, that being in 1954, and taxpayer received $1,260.

The taxes which plaintiffs seek to recover here were assessed and collected on the amounts paid by the Farmer Oil Wholesale Company to the Clack Trust on the theory that they were constructive dividends to the taxpayer.

The questions presented are:

Whether the payments by Farmer Oil Wholesale Company on the note it issued to Clack Trust constituted payment of constructive dividends to the taxpayer and taxable as such, or

Whether execution by Farmer Oil Wholesale Company of a note replacing taxpayer's earlier note to Clack Trust constitutes the receipt of money or other property by taxpayer and taxable un-

der § 112 of the Internal Revenue Code of 1939.

Plaintiff contends that because of the facts surrounding the transfer of assets to the newly-formed corporation in exchange for stock and assumption of his personal indebtedness the payment thereof by the corporation did not constitute constructive dividends taxable to him; also, that he was not subject to any tax on gain under § 112.

█ In order to determine the tax consequences, if any, resulting from these transactions, the Court must look to the substance of what was done rather than to form. In the case of Commissioner v. Ashland Oil & Refining Co., 99 F.2d 588 (6th Cir.1938), certiorari denied Helvering v. Ashland Oil & Refining Co., 306 U.S. 661, 59 S.Ct. 786, 790, 83 L.Ed. 1057, the Court stated:

> " * * * taxation is an intensely practical matter, and * * * the substance of the thing done and not the form it took must govern. * * * " (p. 591 of 99 F.2d.)

To the same effect see United States v. Mattison, 273 F.2d 13, 83 A.L.R.2d 706 (9th Cir. 1959); Factor v. C. I. R., 281 F.2d 100 (9th Cir. 1960), certiorari denied 364 U.S. 933, 81 S.Ct. 380, 5 L.Ed. 2d 365.

█ After fully considering all the facts and circumstances surrounding the various transactions in dealing in and with the business and assets of the original Farmer Oil Company after the acquisition thereof by taxpayer and W. Turner Clack, this Court has come to the inescapable conclusion that the substance of these transactions was that the Farmer Oil Wholesale Company paid the taxpayer's personal obligation to the Clack Trust, the effect being the same as though the money had been paid or distributed by the corporation to taxpayer, he then using it to pay his indebtedness to the Clack Trust.

Under similar circumstances the courts have treated the payment of the personal indebtedness of shareholders as distributions taxable as dividends.

In Clark v. C. I. R., 266 F.2d 698 (9th Cir. 1959), the Court stated:

> " * * * To constitute a distribution taxable as a dividend, the benefit received by the shareholder need not be considered as a dividend either by the corporation or its shareholders, declared by the board of directors, nor other formalities of a dividend declaration need be observed, if on all the evidence there is a distribution of available earnings or profits under a claim of right or without any expectation of repayment. * * * " (p. 711 of 266 F.2d.)

Cf. Sachs v. C. I. R., 277 F.2d 879 at p. 882 (8th Cir. 1960), certiorari denied 364 U.S. 833, 81 S.Ct. 63, 5 L.Ed.2d 59.

A case similar to the one here arose in Wall v. United States, 164 F.2d 462 (4th Cir. 1947), wherein the owner of one-half a corporation's outstanding stock bought the remaining half, giving notes in part payment, then transferred his interest in the newly-acquired stock to the corporation, with the effect that the taxpayer continued to control 100 per cent of the outstanding stock. Holding transfer to the corporation was not consideration for the corporation's assumption of the taxpayer's indebtedness, the Court said:

> " * * * It cannot be questioned that the payment of a taxpayer's indebtedness by a third party pursuant to an agreement between them is income to the taxpayer. * * * The transaction is regarded as the same as if the money had been paid to the taxpayer and transmitted by him to the creditor; and so if a corporation, instead of paying a dividend to a stockholder, pays a debt for him out of its surplus, it is the same for tax purposes as if the corporation pays a dividend to a stockholder, and the stockholder then utilizes it to pay his debt." (p. 464 of 164 F.2d.)

> " * * * [The taxpayer's] proportional interest in Rosedale * *

remained the same and it follows that the transfer of his equity in the stock to Rosedale cannot be regarded as consideration for the payment of his personal debt by Rosedale. * * * " (p. 465 of 164 F.2d.)

From and after the acquisition of all the corporate stock in Farmer Oil Company by taxpayer and W. Turner Clack the proportionate interest of each in the business remained the same whether it was a partnership or a corporation. The transfer of a percentage of interest in the business for the same percentage in another form cannot be regarded as consideration for the payment of a shareholder's personal debt. In substance the taxpayer, if successful, would be getting his debt paid by the corporation without parting with anything by way of property or money.

The taxpayer contends that as a result of the transaction whereby the corporation assumed his indebtedness to the Clack Trust any gain realized by him is without recognition under § 112(k) of the 1939 Internal Revenue Code (now § 357 of the 1954 Internal Revenue Code). The alternative position taken by the Government is that the transaction may be considered as resulting in a capital gain to taxpayer under said section.

█ Since this Court is of the opinion that the payments made by Farmer Oil Wholesale Company to Clack Trust constituted payment of constructive dividends to the taxpayer it does not appear necessary to decide the question in regard to taxable gain under said § 112(k). Assuming however that the transaction could be considered within this section, the taxpayer has failed to show "by the clear preponderance of the evidence" that his purpose was not to avoid Federal income tax on the exchange, but was a bona fide business purpose. It appears that by treating the payments on the note as annual constructive dividends, rather than a capital gain in a single year, there is some tax advantage to taxpayer.

In reaching its conclusion the Court does not mean to indicate nor imply that it believes taxpayer had any bad or wrongful purpose in mind by having the corporation pay his indebtedness to Clack Trust.

In accordance with the above and foregoing it is the opinion of this Court that plaintiffs take and have nothing under and by virtue of their complaint.

Counsel for defendant shall prepare Findings of Fact, Conclusions of Law and a proposed Judgment, and shall submit copies of the same to counsel for the plaintiff and the originals to the Court.