RAY R. TANNER, JR. and PATRICIA M. TANNER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tanner v. Commissioner
Docket No. 3260-81.
United States Tax Court
T.C. Memo 1983-230; 1983 Tax Ct. Memo LEXIS 556; 45 T.C.M. (CCH) 1419; T.C.M. (RIA) 83230; April 27, 1983. Ray R. Tanner, Jr., pro se. Marikay Lee-Martinez, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined deficiencies in petitioners' 1977 and 1978 Federal income taxes in the amounts of $522 and $517, respectively. After concessions, the issues for decision are whether petitioners received constructive dividends from their personal use of automobiles owned by their closely held corporation and, if so, the amount of such dividends. FINDINGS OF FACT Some of the facts have been *557 stipulated and are found accordingly. Petitioners Ray R. Tanner, Jr. (Ray) and Patricia M. Tanner (Patricia), husband and wife, resided in Phoenix, Arizona, when they filed their petition in this case. They timely filed their 1977 and 1978 joint Federal income tax returns with the Internal Revenue Service Center, Ogden, Utah. At all relevant times, petitioners were minority shareholders in Ray Tanner Motors, Inc. (hereinafter Tanner Motors or the corporation), an Arizona corporation with a principal office in Phoenix, Arizona. The officers of Tanner Motors include: Ray Tanner, Sr. [1], President; petitioner, Ray Tanner, Jr., Vice President; and George Wylie, Vice President. During the years in issue, it was the policy of Tanner Motors to provide each officer with the use of new Volvo automobiles under a personal car purchase plan for which documents of title and license registrations were held in the name of the corporation. Between 1977 and 1978, petitioners obtained three automobiles exclusively for personal use under this plan. Petitioners used each automobile for approximately one year before obtaining a new model each spring. [2] Petitioners did not own any other vehicles *558 during the years in issue and they did not reimburse Tanner Motors for the personal use of these automobiles. The cost to the corporation of providing these vehicles to petitioners was approximately $500 per year which included maintenance expenses, licensing and registration fees, and insurance premiums on each vehicle. Petitioners paid all gasoline costs. Each of the cars was covered by the manufacturer's warranty during the periods that petitioners used them, and repair costs charged to the corporation were paid by the manufacturer. After each car was driven approximately 6,000 miles, it was sold at a profit through the corporation's used car sales department. All such profit was included in the income of Tanner Motors. In the notice of deficiency, respondent determined that the fair market value of petitioners' personal use of Volvo automobiles owned by Tanner Motors constituted constructive dividends in the amounts of $1,440 in each of 1977 and 1978. Accordingly, their taxable *559 income was increased by $1,440 in both 1977 and 1978 resulting in deficiencies in their Federal income taxes of $522 and $517, respectively. OPINION The issue for decision is whether petitioners received constructive dividends from their personal use of corporate automobiles and, if so, the amount of such dividends. It is well settled that corporate expenditures, or the making available of corporate-owned property to stockholders for their personal benefit, may constitute constructive dividends taxable to those stockholders. Nicholls, North, Buse Co. v. Commissioner,56 T.C. 1225, 1238 (1971); Challenge Manufacturing Co. v. Commissioner,37 T.C. 650 (1962); American Properties, Inc. v. Commissioner,28 T.C. 1100 (1957), affd. 262 F. 2d 150 (9th Cir. 1958). Under sections 301 and 316, a dividend is any corporate distribution to its shareholders out of earnings and profits. That the formalities of a dividend are lacking or that the distribution is not recorded on the corporation books is of no consequence. Silverstein v. Commissioner,36 T.C. 438 (1961); Sachs v. Commissioner,32 T.C. 815, 820 (1959), *560 affd. 277 F. 2d 879, 882 (8th Cir. 1960), cert. denied 364 U.S. 833 (1960). The amount of a constructive dividend generally is equal to the fair market value of the benefits conferred. Challenge Manufacturing Co. v. Commissioner,supra at 663; section 301(b)(1)(A). The record in the instant case establishes that petitioners enjoyed, for their personal benefit, the free use of Volvo automobiles owned by Tanner Motors. Petitioners have failed to prove that Tanner Motors did not have earnings and profits for the years in issue in amounts at least equal to the fair market value of the use of the Volvo automobiles. See sections 301(c) and 316(a). Moreover, petitioners have failed to present any evidence that the fair market value of their personal use of the Volvo automobiles was less than that determined by respondent. Consequently, we uphold respondent's determination that petitioners' use of the Volvo automobiles owned by Tanner Motors constituted constructive dividends for 1977 and 1978 in the amount of $1,440 per year. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
*561 To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Ray Tanner, Sr. and Ray Tanner, Jr., are father and son. ↩
2. Three cars are involved because petitioners used the prior year's automobile during the first few months of 1977 and 1978.↩