## J. D. Hughes Lumber Company v. Wilson.

(Decided February 22, 1918.)

### Appeal from Estill Circuit Court.

1.   Malicious Prosecution—Probable Cause.—No action for malicious prosecution can be maintained unless it be affirmatively shown that the prosecution was instituted maliciously and without probable cause.

**8.** **Malicious Prosecution—Advice of Counsel.**—Where the prosecutor, before procuring the indictment, lays all the facts before competent lawyers and obtains advice, however erroneous, such action on his part is a complete defense to an action for malicious prosecution if he acts in good faith.

**8.** Malicious Prosecution—Probable Cause.—If the facts in possession of the prosecutor are sufficient to move a reasonably prudent per-. son under similar circumstances to institute a prosecution, probable cause exists which will be a complete defense to an action for malicious prosecution.

ROBERT FRIEND and SPENCER & MOFFITT for appellant.

KELLY KASH, J. B. WHITE, ROBERT SMITH and C. R. FLYNN for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

This action was instituted in the Estill circuit court by Price Wilson to recover of the J. D. Hughes Lumber Company, the Kentucky River Saw Mill Association, Coleman Benton and J. D. Hughes, ten thousand ($10,-000) dollars, damages, for malicious prosecution. Price Wilson owned a saw mill which was operated on a boat along the Kentucky River. He bought logs on the bank and had on his boat a contrivance for raising logs from the bottom of the river. On certain lumber sawed by Price Wilson was found the log brands of the J. D. Hughes Lumber Company and other lumber companies floating logs in the Kentucky River. This lumber was taken from Wilson by legal proceedings. Shortly thereafter Wilson was indicted under section 1409, Kentucky Statutes, for unlawfully taking, secreting, cutting and sawing branded timber. On the first trial of Wilson on this indictment there was a hung jury, but on the second trial he was acquitted, whereupon he instituted this action to recover damages for malicious prosecution. Upon a trial in the circuit court Wilson was awarded eight hundred ($800) dollars against the J. D. Hughes Lumber Company, but there was a verdict in favor of Coleman Benton; the court sustained a motion for peremptory instruction as to J. D. Hughes, and the case was by plaintiff dismissed as to the Kentucky River Saw Mill Association.

No action for malicious prosecution can be maintained unless it be affirmatively shown that the prosecution was instituted maliciously and without probable cause. Mad-

den v. Mehan, 153 Ky. 648; Munday v. Gott, 146 Ky. 173; McClarty v. Bickel, 155 Ky. 254; Schoot v. Indiana National Life Insurance Co., 160 Ky. 533; Dunn v. Deskins, 163 Ky. 689.

Where the prosecutor, before procuring the indictment, lays all the facts before competent lawyers and obtains their advice, however erroneous, such action on his part is a complete defense to an action for malicious prosecution, if he in good faith acts upon such advice. Moser v. Fable, 164 Ky. 517, and cases there cited.

Before the returning of an indictment in this case against Price Wilson the prosecutor, Coleman Benton, who appears to have been representing different milling companies along the Kentucky River, laid all the facts before the attorney for the Commonwealth in that judicial district, and the county attorney of Estill county, and Mr. Floyd Bird, a reputable lawyer of Lexington and Jackson, Kentucky, and obtained their advice. Benton had discovered the brands on the lumber cut by Wilson and had caused the institution of a civil action to recover the lumber cut from the branded logs. While testifying as a witness in this case Benton was asked:

"Q. Now after you had discovered these brands two different times, did you lay the facts before any attorney? A. Yes, sir. Q. Who were they? A. That I had laid the facts before? Q. Yes, sir. A. I laid the facts before Mr. Floyd Bird who was the attorney for the Kentucky River Saw Mill Association; Mr. Tom Johnson, Mr. Clarence Miller, the then county attorney. Q. What facts did you give them? A. I just told them the circumtsances, about finding lumber up there, and he hacked these brands out, and I had these pieces, and I told them about it, as I have stated it here, as near as I can remember. Q. What did they advise? A. They advised me that I go before the grand jury and indict him for it. Q. What was their advice? A. Their advice was to go before the grand jury and indict him, that he thought he ought to be penitentiared; . . . . that he could be. . . . Q. Who conducted the prosecution, what attorneys after that? A. Mr. Johnson, Mr. Faulkner in the first case. Q. What was Mr. Johnson's official position at that time? A. Commonwealth's attorney. Q. Of this district? A. Yes, sir."

There is no contradiction whatever in this testimony, nor is there any issue upon it. It is admitted by plaintiff,

Wilson, that he did cut branded timber in violation of the statutes, section 1409, and it is thoroughly proven that this lumber so bearing the brands was in a civil action by the Mawbray & Robinson Lumber Co., &c., recovered of Wilson. Undoubtedly the facts in possession of Benton were sufficient to have moved a reasonably prudent person under similar circumstances, to institute criminal proceedings against Wilson, under section 1409, Kentucky Statutes, for secretly appropriating branded timber. In other words, there was probable cause for the institution and prosecution of a criminal proceeding against Wilson. In order for Wilson to maintain an action for malicious prosecution he must affirmatively show both that the action was instituted maliciously and without probable cause. If want of probable cause be shown malice may be inferred therefrom, but where probable cause is shown, malice can not be inferred nor can the action be maintained.

The trial court should have sustained the motion of the J. D. Hughes Lumber Company for peremptory instruction at the conclusion of the evidence for plaintiff, and if upon another trial the evidence is in substance the same, the court will sustain such motion.

Judgment reversed for proceedings consistent with this opinion.