## Harper, By, Etc. v. Howton.

(Decided May 23, 1922.)

### Appeal from Hopkins Circuit Court.

1. Malicious Prosecution—Malice—Want of Probable Cause.—In an action for malicious prosecution both malice on the part of the defendant and want of probable cause for his prosecution of the plaintiff must be alleged and proved to authorize a recovery of damages by the latter, but malice will be inferred or implied from proof of the want or absence of probable cause.

2. Malicious Prosecution—False Imprisonment—Malice—Want of Probable Cause.—In an action for false imprisonment the right of the plaintiff to recover damages arises out of the mere unlawfulness of his imprisonment, or restraint of his liberty, by the act or procurement of the defendant. In such action proof of malice or want of probable cause is unnecessary, though the existence of the one and absence of the other may be proved in aggravation of the plaintiff's damages.

3. Malicious Prosecution—False Imprisonment—Pleadings.—Where, as in this case, the first of the two paragraphs of the petition states a cause of action for malicious prosecution, and the second paragraph attempts to state a cause of action for false imprisonment, but fails to sufficiently do so, yet some of the facts averred therein are germane to the cause of action for malicious prosecution contained in the first paragraph, the petition should have been treated by the trial court as setting forth as a whole only a cause of action for malicious prosecution. Hence in its rulings: (1) that the second paragraph stated a cause of action for false imprisonment, (2) in requiring the plaintiff to elect whether he would prosecute the cause of action supposedly stated therein, or that stated in the first paragraph, and (3) in sustaining a demurrer

to the second paragraph of the petition, the trial court committed reversible error.

H. F. S. BAILEY and LAFFOON & WADDLE for appellant.

FOX & GORDON for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The appellant, Jesse Harper, an infant, suing by the appellant, Thomas Harper, as his next friend, brought this action in the court below against the appellee, Uriah Howton, seeking to recover of him damages for Jesse Harper's alleged wrongful and false arrest, imprisonment and prosecution, maliciously and without probable cause, procured, as further alleged, by the appellee under a warrant charging him with a felony, to-wit: the statutory crime of breaking and entering his, appellee's, dwelling house and taking therefrom and converting to his own use property of value, not his own, but of which crime the appellant, Jesse Harper, on motion of the county attorney and by the judgment of the Hopkins county court was acquitted and the warrant against him dismissed.

The petition contained two paragraphs, and the trial court conceiving that by paragraph 1, a recovery of damages was sought for the malicious prosecution of the infant appellant by the appellee; and by paragraph 2, damages for the false arrest and imprisonment of the former by the latter; and that section 83, Civil Code, forbade the joinder of two such causes of action, compelled the appellants, by sustaining a motion of the appellee to that effect, to elect which of the two supposed causes of action they would prosecute. The appellants, after entering an exception to this ruling of the court, under protest, elected to prosecute the cause of action attempted to be stated in the second paragraph of the petition, whereupon the appellee filed a general demurrer to that paragraph, which the court sustained. Excepting to the latter ruling, the appellants refused to plead further, following the announcement of which the court entered judgment dismissing the petition. Appellants complain of the several court rulings mentioned, and also, of the resulting judgment. Hence, this appeal.

The assumption of the circuit court that two inconsistent causes of action were attempted to be joined in the petition was error. There was, it is true, an attempt

to set up in the second paragraph a cause of action for false imprisonment, it being therein alleged that as the appellant, Jesse Harper, was but 17 years of age at the time of his arrest there was not in that step or the subsequent proceedings against him such compliance with the requirements of section 331e, Kentucky Statutes, regarding juvenile offenders, as conferred on the county court by which he was tried and acquitted of the crime charged against him, jurisdiction to allow his arrest, permit his temporary imprisonment awaiting an examining trial, or to hold such trial. But, notwithstanding this claim, that court's jurisdiction is substantially made to appear from the facts alleged or admitted in the same paragraph, to the effect that the infant appellant's arrest was made under a warrant issued by and returned to the county court, that he was delivered to its custody and that his parents received notice of his arrest and its object, before the trial resulting in his acquittal of the crime charged. So upon these facts and under the construction given the provisions of the statute, *supra,* by us in Commonwealth v. Davis, 169 Ky. 681, and other cases, it would seem that they were sufficiently complied with to give the county court jurisdiction to cause the arrest of the infant appellant upon the information contained in the affidavit of the appellee and dispose of the prosecution against him as it did. Therefore, as neither the arrest of the latter nor the temporary restraint of his liberty until the termination of the trial can be said to have been effected without authority of law, there was no false imprisonment in the meaning of the law. In Newell on Malicious Prosecution, 56, false imprisonment is thus defined:

"To constitute the injury of false imprisonment, there are two points requisite: (1) The detention of the person, and (2) the unlawfulness of such detention."

Proof of malice or want of probable cause is unnecessary in a case for false imprisonment, though in such action the existence of the one and absence of the other may be proved in aggravation of damages. In an action for false imprisonment the right of the plaintiff to recover damages arises out of the mere unlawfulness of his imprisonment or restraint of his liberty by the act or procurement of the defendant. Newell Mal. Pros. 249; 12 Am. and Eng. Enc. Law 724-733; 2 Starke's Ev. 1112; Reynolds v. Price, 22 R. 5; Southern Ry. Co. v. Shirley,

121 Ky. 863. In an action for malicious prosecution, however, both malice and want of probable cause must be alleged and proved to authorize a recovery of damages by the plaintiff, but malice will be inferred from proof of the want or absence of probable cause.

The first paragraph of the petition sufficiently states a cause of action for a malicious prosecution. The second paragraph, however, does not, in our opinion, state a cause of action for false imprisonment. Its averments of fact respecting the arrest and imprisonment of the infant appellant, and the false nature of the grounds upon which both were procured by the appellee, were but elements to be considered in determining whether there was the express malice by which, as alleged in each paragraph of the petition, the latter was actuated in instigating his prosecution for the crime charged, and likewise the malice impliedly arising from the want of probable cause for the prosecution, also alleged in each paragraph. Jones v. L. &. N. R. Co., 26 R. 690.

While the facts last referred to could be given in evidence under the general issue without being pleaded, the fact that they were pleaded did not make the second paragraph demurrable as containing a defectively stated cause of action for false imprisonment. If irrelevant or redundant matters appear in a pleading, the remedy of the party objecting to same lies in a motion to strike it from the pleading.

If right in our conclusion that the only cause of action stated in the petition is that for malicious prosecution, it follows that the trial court erred both in sustaining the appellee's motion to elect, and, also, his demurrer to the second paragraph of the petition. Wherefore the judgment is reversed and cause remanded for further proceedings not inconsistent with the opinion.