## Mosier v. McFarland et al.

(Decided June 11, 1937.)

H. R. WILHOIT and JESSE K. LEWIS for appellant.

JOHN M. THEOBALD and THOMAS D. THEOBALD, JR., for appellees.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This action was commenced in the Carter circuit court by appellant, William Mosier, against the appellees, Charles McFarland and the General Refractories Company, seeking damages in the sum of $3,000 for alleged malicious prosecution. The trial court directed a verdict in favor of the appellees at the close of all the testimony. On January 25, 1935, appellant and his wife left his home at Grahn, Ky., and went to the home of the wife's parents, John and Fanny Rose, at Oats, Ky., to spend the day. The home of Mr. and Mrs. Rose is located on the property of the General Refractories Company. Appellant and his wife arrived about 9 o'clock a. m. and remained until about 3:30 p. m.

About seven or eight years ago appellant was employed by the General Refractories Company at its mine at Oats, Ky., and was discharged. Since that time he has been working for the Aden Mining Company. On the day in question, a group of about thirty men, headed by one Jerry Ison, appeared at the tipple of the General Refractories Company and demanded from the appellee McFarland that he employ one Charlie Duncan at the mine or else quit work or fight. McFarland refused to hire Duncan, and the men thereupon entered the mine and compelled several of appellee's employees to get out through fear of personal violence. McFarland called the attorney for the General Refractories Company over the telephone and told him of the situation. The attorney advised him to procure a warrant against the conspirators. McFarland went to Grayson and executed an affidavit charging fourteen men, including appellant, with the offense of confederating and banding together for the purpose of injuring the property of the General Refractories Company and of intimidating and injuring himself and employees of that

company, and a warrant was duly issued. When the defendants were brought up for their examining trial, the action was dismissed on motion of the attorney for the commonwealth. It is claimed for appellant that the dismissal occurred because of lack of evidence to establish the offense committed. The appellee, on the other hand, asserts that there was no lack of evidence against the defendants, but that the proceeding was dismissed at its suggestion in the hope that its labor troubles might be adjusted and that a reprimand from the county judge would be a sufficient corrective to avoid similar offenses in the future. The trial court refused a peremptory instruction at the close of plaintiff's testimony. When the defendant introduced its evidence, the appellee McFarland testified that he saw appellant that morning on the end of the tipple shortly before the trouble commenced. He testified that appellant left the men at the tipple and went to the home of Mr. Rose for the purpose of listening in over the telephone to hear whether or not appellees called "the law" in order that the conspirators might waylay the officers if they came. No other witness places appellant on the tipple that day, but he was seen by a number of them on the porch of Mr. Rose's house, and he told at least one witness, according to that witness' testimony, that "he was going to play his end over at John Rose's." A number of the conspirators were in and out of Mr. Rose's house in the course of the day, and several of them testified that appellant was eavesdropping on the telephone. Appellant denies the eavesdropping, but admits that he was standing beside the telephone and listened in on a conversation while his sister-in-law had the receiver down.

In an action for malicious prosecution, both malice on the part of the defendant and want of probable cause for his prosecution of the plaintiff must be alleged and proved, although malice may be inferred from proof of the absence of probable cause. Harper v. Howton, 194 Ky. 840, 241 S. W. 329; J. D. Hughes Lumber Company v. Wilson, 179 Ky. 462, 200 S. W. 624; Emler v. Fox, 172 Ky. 290, 189 S. W. 469. The jury, however, may not invariably imply malice from the mere want of probable cause if all the facts disclosed lead to a different conclusion. If malice was to be inferred from want of probable cause alone, then there would be no

necessity for having a distinct requirement that malice be proven, for want of probable cause would then be the only element necessary to be established. Illinois Central Railroad Company v. Anderson, 206 Ky. 600, 268 S. W. 311. In the case at bar, the facts, so far from showing malice, indicate quite strongly that the appellant was actually guilty of the offense with which he was charged. Of course, it can make no difference whether probable cause or malice existed or not, if the accused was actually guilty of the offense charged, even though the prosecution was dismissed. It is urged for appellant that McFarland was not told of the appellant's planned operations on the telephone until after the warrant was issued. While this fact does not definitely appear in the record, it would not make any difference under the circumstances here presented. The question at issue was whether or not probable cause for the prosecution of appellant actually existed. The plaintiff had the burden of showing that it did not.

Actions for malicious prosecution are not favored in law. The burden is cast upon the plaintiff to prove both the absence of probable cause and malice. If it could be said that the undisputed facts that plaintiff, a discharged employee, present on the property of the defendant at a time when this trouble arose and engaged in conversation from time to time during the day with others who admit their guilt, were not sufficiently suspicious circumstances to constitute probable cause, nevertheless it is certain that these facts without more fall far short of establishing malice on the part of appellees in instigating the prosecution. Any presumption of malice arising from the alleged want of probable cause was thoroughly rebutted by the facts shown.

Other questions are argued which we do not deem it necessary to consider. We agree with the conclusion of the trial court that the appellant failed to show either want of probable cause or malice.

Judgment affirmed.